REUBEN WAKEFIELD v. E. P. FAIRMAN AND L. A. TILLOTSON.

*Trespass. Assault and Battery. Constable. Process. Colorable Attachment.*

Where in an action of trespass for an assault and battery, the defendants having pleaded the general issue, the plaintiff testified, without objection, in the opening, to the circumstances of the assault upon him, that he was constable and was serving process by attaching property of the defendants when they struck him, the defendants can not claim in argument, not having made the point before, that there was no legal proof that the plaintiff was constable, and if constable, that there was no proof that he had authority to serve the writ in another town or county without a special vote of his town; this process having been served in Wolcott when the plaintiff was constable of Hardwick.

In the opening in such case, the plaintiff is only obliged to prove the blow to have been struck by the defendants. His testifying to the circumstances does not increase the measure of burden on his part, nor is that of the defendants diminished.

It could not be assumed ·in behalf of the defendants upon that state of the evidence, that the plaintiff was not clothed with lawful authority by the vote of Hardwick.

*Semble* that, if the question had been properly raised by the course of the pleadings and trial, such vote of the town would be necessary to authorize the plaintiff to serve the writ, which was returnable to the county court.

Where a plaintiff in a writ has a valid claim and cause of action against the defendant, and the officer attaches property upon it which is lawfully subject to attachment upon it, the fact that the officer making the attachment knew that the plaintiff's purpose was to restore the possession of said property to another person, would not render the officer's acts in making the attachment, unlawful. Nor would such purpose render the attachment unlawful, even to the plaintiff in that writ.

The question was properly submitted to the jury in this case, to determine whether both the defendants participated in the assault, though but one was present when it was made.

TRESPASS for assault and battery. Plea, the general issue, and notice of justification. Trial by jury, June term, 1868, STEELE, J., presiding.

The testimony of the plaintiff tended to show that C. H. Eaton put a writ into the plaintiff's hands against S. C. Eaton· and the defendants, and directed him to attach a certain black stallion then in the possession of the defendant Fairman in the town of Wolcott in Lamoille county, as the property of the defendants in such suit. The plaintiff testified that he was constable of the town of Hardwick, that he was a young and inexperienced officer, that he served the process finally as an officer, and that, in attempting to attach the horse, he acted as an officer and called upon others by the authority of the state to aid him; and

his testimony on this point was not contradicted, and no point was made as to the authority of the officer to serve the writ in Wolcott, until the defendants' opening argument.

The plaintiff went with said writ and attempted to attach said stallion, but found him protected with double locks, and after drawing one staple desisted, to obtain a bond of indemnity. At the time the plaintiff was informed by Tillotson that he would turn out sufficient property to his satisfaction for attachment on said writ, but the plaintiff could not have said stallion with his consent. The plaintiff avowed his purpose to take said stallion, or no property, however sufficient, in lieu of him. 'The plaintiff, on getting a bond, returned to said Fairman's barn, and proceeded toward the stallion with the avowed purpose of attaching him on said writ. The defendants offered to the plaintiff to turn out to him harnesses, carriages, United States bonds, or money, to any amount the plaintiff might deem satisfactory, to attach upon said writ; which the plaintiff declined. Fairman then ordered the plaintiff to leave his barn; the plaintiff refused, and moved toward the stallion; and this defendant then struck him on the shoulder with a piece of board, which is the assault complained of.

The defendants gave further evidence tending to show that said stallion belonged to S. C. Eaton, Fairman and Tillotson, and that said Fairman and Tillotson had a short time before taken said horse from the possession of said Eaton stealthily, and that the real purpose of the Eatons, and the plaintiff was aware of it, was, under the color of an attachment, to get the possession of said stallion for the benefit and gratification of said S. C. Eaton.

The writ was in favor of C. H. Eaton, against S. C. Eaton and said Fairman and Tillotson, partners in the patent right business. Said stallion was the property of said partnership and was the only known attachable property of said partnership. The property offered the plaintiff by the defendants to be attached, was their individual property. The claim on which the writ was founded, was for the keeping of said stallion and was valid, and judgment was finally rendered upon it in that court. C. H. Eaton was a hotel-keeper. By express agreement of his

father, S. C. Eaton, who lived with him, C. H. Eaton had a lien on said horse for his keeping.

The defendants claimed, and asked the court to charge the jury, that, if the attachment was merely colorable, and the real end and purpose was to use said process colorably for attachment, but really to restore the possession of said stallion to S. C. Eaton, such would be an abuse of the process, and all acts of force by the plaintiff upon Fairman, a trespass, and that Fairman would be justified in the use of reasonable force to protect his property; but the court ruled otherwise, and instructed the jury that the only question as to Fairman, was a question of damages.

The defendants further insisted that there was no record or proper evidence that the plaintiff was constable of Hardwick, and if constable, there was no evidence that he had authority to serve the writ in another town or county without a special vote of the town of Hardwick; but the court overruled the objection, and instructed the jury that the plaintiff had the legal right to attach said stallion on said writ in the town of Wolcott.

It further appeared that the defendant Tillotson was not present at the time of the blow complained of, and not until the plaintiff had gone out of the barn, and had no knowledge at the time that the officer had returned, nor did he know at the time that the plaintiff was attempting to attach said horse, but expected he might come soon, and was sent for at the time, and came to said barn immediately, but used no force upon the plaintiff. There was evidence that Tillotson had declared that, if the plaintiff attempted to attach said stallion, he should resist him; but there was no express testimony that Tillotson had advised, or consented to, or had knowledge of resistance or proposed resistance in this particular manner or to this extent.

The plaintiff's testimony tended to show that Tillotson and Fairman were in the same interest in said partnership suit; that they together took the horse secretly from C. H. Eaton's barn; that Tillotson had declared to the plaintiff that the horse should not be taken away by the plaintiff except over his dead body; that he made the declaration on the same day the attachment was attempted; that when the affray was going on, Fairman repeatedly

called for Tillotson; that the moment Tillotson heard of it he came at great speed with a club, and rushed into the barn, and with a loud voice ordered the barn to be cleared, and forcibly put out Eaton; but the plaintiff had already left, and made no further effort to attach the horse.

The defendants insisted that there was no evidence that Tillotson was party or privy to this assault; but the court ruled otherwise, and left it to the jury from the circumstances and the declaration of Tillotson to find that he was party to said assault, under instructions not excepted to as to what would constitute him a party equally guilty with Fairman.

The jury rendered a verdict against both the defendants for three hundred dollars damages.

To the charge of the court and the refusal to charge, as above stated, and said ruling upon the tendency of the evidence, the defendants severally excepted.

To the declaration, which was in a plea of trespass for an assault and battery, in common form, the defendants pleaded the general issue, and filed notice as follows:

"And the defendants, according to the statute in such case made and provided, give notice that, on the trial of the plaintiff's aforesaid action, they will severally rely on, and show in defense thereof, that whatsoever was or may have been done by them or either of them in the way of committing any of the supposed trespasses, by the plaintiff in his declaration complained of, was done in the rightful defense and protection of the goods, chattels, estate, tenement and close of such of said defendants as any of said supposed trespasses, in said declaration complained of, were committed by, and without the use or employment of any unreasonable or unnecessary force."

The *ad damnum* in the writ was two thousand dollars.


*Timothy P. Redfield*, for the defendants.

Process used for mere color to cover and effect another and different purpose than the command of the process, is an abuse of the process, and the officer who voluntarily lends himself to such perversion and abuse of the writ, is stripped of its protection. *Six Carpenters' Case*, 1 Smith's L. C., 219, 220, and notes; *Lawton* v. *Cardell*, 22 Vt., 528; *Barrett* v. *White et al.*, 3 N.

H., 210; *Phillips* v. *Bacon*, 9 East, 303; *Allen* v. *Crofoot*, 5 Wend., 508; *Mussey* v. *Cummings*, 34 Maine, 74; *Grainger* v. *Hill*, 33 E. C. L., 675.

The plaintiff, as constable of Hardwick, had no authority to serve a writ in the town of Wolcott. He can serve process only within the town for which he is elected. Gen. Sts., ch. 15, § 79.

The evidence does not connect Tillotson with the assault. He had no knowledge of this occurrence until afterward.

*Thomas Bartlett*, for the plaintiff.

The opinion of the court was delivered by

BARRETT, J. This is trespass for assault and battery. Plea, not guilty, and notice of special justification that the alleged trespass was committed in the rightful defense and protection of the chattels and close of the defendants, without unreasonable or unnecessary force.

Under the general issue, the plaintiff's cause of action and right of recovery were established by proving the blow to have been given by the defendants. That being proved, the defendants then take the burden of justifying, and that burden requires of them to show that their alleged justification is true in the legal sense. The plaintiff had proceeded beyond the strict requirement of the issue, and proved the occasion and circumstances of the alleged trespass, and, so far as his proof went, it tended to show that he was doing a lawful official duty. It was not incumbent on him in order to make out his case, to show that he was constable at all or that he had any process, or was having any right to meddle with the property in question.

When he proceeded without objection to state as a witness the occasion and circumstances, and therein that he was, as constable, attempting to attach the horse on lawful process against the owners of the horse, the measure of his burden was not increased, nor was that of the defendants diminished. If the plaintiff, instead of being plaintiff, had been defendant in an action of trespass for taking the horse, and he had put his defense on the ground of a taking as constable on lawful process, then there would be ground

for insisting that he must show that he was fully clothed with lawful authority to take the property.

Upon the state of the evidence as the plaintiff made his case in the opening, if the defendants would show that what they did was rightful under their justification, it was for them to show that, though the plaintiff was constable of Hardwick, and as such was in the act of serving the writ by attaching the horse, yet he had not lawful authority to act officially outside of Hardwick. Failing to do this, there was no ground for making the point, as it was made upon, and not till, the opening of the argument for the defendants.

It could not be assumed in behalf of the defendants upon that state of the evidence, that the plaintiff was not clothed with lawful authority by the vote of the town of Hardwick according to the provision of the statute in that respect.

We think in point of law, if it had been properly made and presented by the course of the pleadings and trial, that such vote of the town would be necessary to authorize the plaintiff to serve said writ, notwithstanding the very singular manner in which the statute on this subject is drawn. Section 79 of chapter 15 of the General Statutes gives authority affirmatively to the constable to serve writs within his town. Section 81, in the body, affirmatively extends his right to serve writs within the limits of the state, returnable before a justice of the peace within his county. And this, instead of being followed by a restraining negative imposing a conditional limitation, is followed by an affirmative *proviso* as to the vote of the town to extend such jurisdiction : a modern and somewhat novel mode of·imposing a condition precedent to the right fully and affirmatively and unconditionally conferred in the body of the section, and a very wide departure from the example set in the act of 1831 on the same subject.

II. The point made as to the attachment being colorable, involves the assumption that the plaintiff had ample *official* authority to serve the writ. It is claimed that his being aware of the alleged purpose of the plaintiff in that writ, precluded him from the exercise of that official authority. The case shows that the plaintiff in that writ had a valid claim and cause of action against

the defendants in it. The horse was lawfully subject to being attached upon it. The alleged illegality of the proceeding, involved in the point under consideration, consists in the fact that the plaintiff therein had the purpose of restoring possession of the horse to S. C. Eaton, and the officer, the present plaintiff, being aware of that purpose, was not only deprived of his authority and duty to serve the writ as directed by the plaintiff therein, but became a trespasser in attempting to serve it. Aside from that purpose, it is not claimed that the attachment of that horse upon that writ would not have been entirely lawful. It is virtually conceded that it would have been, and that the efforts of the plaintiff, as officer, to make the attachment, would have been lawful and proper.

We have a course of decisions in this state based on unquestioned principle and countenanced by many cases in England, and other states of the Union, to the effect that such purpose would not render the attachment of the horse upon that writ unlawful, even as to the plaintiff in the writ. Of course it would not be unlawful in the officer to make such attachment, merely because he was aware of such purpose in that plaintiff. *South Royalton Bank* v. *Suffolk Bank*, 27 Vt., 505. The principle is involved and strongly illustrated in cases for malicious prosecution, in which the plaintiff can not recover, however virulent the malice, if probable cause for the prosecution existed. In those cases, the plaintiff has the burden of negating the existence of probable cause, as well as of proving the existence of malice. Bul. N. P., 14 ; *Barron* v. *Mason*, 31 Vt., 189. See also *Chatfield* v. *Wilson*, 28 Vt., 49. The case, *State* v. *Buchanan et al.*, 17 Vt., 573, seems to cover and dispose of this point.

III. We think the evidence tended to connect Tillotson with Fairman as a participant in the assault, and so the case was properly submitted to the jury in this respect.

Judgment is affirmed.