# COUNTY OF CALEDONIA,

#### AT THE

### AUGUST TERM, 1876.

PRESENT :

Hon. JAMES BARRETT,
Hon. HOYT H. WHEELER,
Hon. TIMOTHY P. REDFIELD, } Assistant Judges.
Hon. H. HENRY POWERS,

---

### BATCHELDER *v.* FRANK.

*Malicious Attachment.*    *Property Exempt from Attachment.*
*Officer.*

The declaration alleged that defendant, "maliciously intending to injure and oppress the plaintiff, and cause the waste, loss, and destruction of his property," sued out a writ of attachment and delivered it to a sheriff who thereupon, pursuant to plaintiff's instructions, attached all the goods in defendant's restaurant, including a great quantity of fruit, oysters, pies, and other perishable property exempt from attachment, refused to take good and responsible receiptors therefor that were offered, closed the restaurant, and excluded the plaintiff therefrom for the space of twelve hours, whereby, &c. *Held,* upon general demurrer, that it was to be assumed that defendant sued out the writ for the purpose of collecting a just debt, and that if he did, he had a lawful right to attach property; that as the property attached was merchandize kept for sale whereof to make gain, it was not exempt from attachment; that its being perishable was no ground for its exemption; that the officer was not required by law to take a receipt for property attached, and that it was not unlawful for defendant to instruct him to take none; that the shutting of the restaurant and excluding of plaintiff were not, as matter of law, an actionable wrong; and that defendant's malicious intention was no ground of action.

CASE for maliciously praying out a writ of attachment. The declaration alleged " that on, &c., the defendant, maliciously intending to injure and oppress the plaintiff, and cause the waste, loss, and destruction of his property, prayed out a writ of attachment, returnable, &c., and delivered the same to William H. Preston, sheriff, &c., with instructions to attach all the goods in the plaintiff's store, restaurant, eating-saloon and fruit-store, in, &c., and not to take any receiptor for the same, but to shut his said restaurant and fruit-store, and exclude the plaintiff therefrom ; and that said Preston, pursuant to said instructions, did attach the contents, being all the goods and fruit in the said restaurant of the plaintiff, of the value of two thousand dollars, including six hundred oranges, five hundred lemons, one thousand bananas, five gallons of oysters, one crate of tomatoes, five apple and meat pies, perishable property, not attachable by law, of the value of two hundred and twenty-five dollars ; and though the plaintiff was then and there willing and offered the said Preston to furnish him good and responsible receiptors for all of said property at its full value, yet the said Preston, in furtherance of the design and purpose of the defendant to harrass and oppress the plaintiff by the abuse and color of legal process, refused to take a receipt for said property, and closed said restaurant, and excluded the plaintiff therefrom for the space of twelve hours, and thereby compelled the plaintiff at great expense, to wit, thirty dollars, to replevy said property so attached as aforesaid, to the great harm and inconvenience of the plaintiff."

To this declaration there was a general demurrer. The court, at the June Term, 1876, Ross, J., presiding, adjudged the declaration insufficient, and sustained the demurrer ; to which the plaintiff excepted.

*T. Bartlett*, for the plaintiff.

*H. C. Bates*, for the defendant, cited *Enos* v. *Brown*, 1 D. Chip. 280 ; *Crocker* v. *Spencer*, 2 D. Chip. 68 ; *Leavitt* v. *Metcalf*, 2 Vt. 342 ; *Kilbourn* v. *Demming*, 2 Vt. 404 ; *Spooner* v. *Fletcher*, 3 Vt. 133 ; *Try* v. *Canfield*, 4 Vt. 9 ; *Hart* v. *Hyde*, 5 Vt. 328 ; *Leavitt* v.

*Holbrook*, 5 Vt. 405 ; *Dow* v. *Smith*, 7 Vt. 465 ; *Humphrey* v. *Douglass*, 11 Vt. 22 ; *Dean* v. *Bailey*, 12 Vt. 142 ; *Lyon* v. *Rood*, 12 Vt. 233 ; *Paul* v. *Slason et als.* 22 Vt. 23 ; *South Royalton Bank*, v. *Suffolk Bank*, 27 Vt. 505 ; *Chatfield* v. *Wilson*, 28 Vt. 49 ; *Wakefield* v. *Fairman*, 44 Vt. 339 ; *Denny* v. *Warren*, 16 Mass. 420 ; *Gordon* v. *Jenney*, 16 Mass. 465.

The opinion of the court was delivered by

BARRETT, J. It is to be inferred from the declaration, that the defendant sued out the writ named therein, for the substantial purpose of collecting a just debt against the plaintiff, inasmuch as nothing to the contrary is averred or intimated in the declaration. This being so, it was defendant's lawful right to attach property upon said writ. Property was attached on it, and with due formality, for aught that appears. So far no legal right of the plaintiff was violated.

I. The burden of the address made to the court in behalf of the plaintiff is, that the property named was not attachable. It is a full answer to this claim, that all that was attached was merchandize in a store, and kept for sale as merchandize, whereof to make gain and profit. It is conceded that no article of the property is specifically named in the statute of exemption. Certainly the exemption claimed is not within the spirit and purpose of the statute. Such articles could be regarded as within the operation of the statute only when procured and held to be used for food in the owner's family. When owned and kept for trade and profit, they are no more exempt, nor is there more or different reason why they should be, than any other kinds of chattels when owned and kept for the same purpose.

II. That they were *perishable* is no ground for exemption known to the statute or to any other law. The statute makes provision in respect to perishable property when attached. If some such articles might perish before they could be disposed of under the statute, there may seem to be a deficiency in the law in

that respect.   But in this case, damage on that score was fore-stalled by a judicious use of replevin.

III.   The law does not require the officer to take a receipt for property attached ; nor is his taking one an official act, as was said by SKINNER, C. J., 1 Aik. 264.   Such has always been the idea of the profession and of the courts.   It was not, then, unlawful for the officer not to take a receipt, nor was it unlawful for the defendant to give the alleged instructions to the officer in that behalf.   Whether the officer will or will not take a receipt, is not the exercise of official function, but is determined by him on personal reasons, in view of all that appertains to the subject ; and those reasons are not amenable to judicial inquiry as between him and the party whose receipt he declines to take.   He is but doing his official duty in taking the property and holding the custody of it by his own hand, until such custody is divested by modes and means provided by the same law that entitles him to take the custody in the first instance.   He is not required by any law to let some one become the keeper of it for him, and at his own risk, as it would be, so far as his liability to the parties entitled under the attachment is concerned.   In this case, custody of the property was taken from the attaching officer by the means provided by law in that behalf, and by the only means to which it was his legal duty to yield, with reference to the property attached by him, as this was.

IV.   It cannot be assumed as matter of law, that the alleged closing of the restaurant, and the excluding of the plaintiff from it, was an actionable wrong against the plaintiff.   *Perry* v. *Carr*, 42 Vt. 50.   Whether so or not, would depend on the special circumstances, making it reasonably necessary or not, in order to the making of a proper attachment.   Nothing is shown in this respect, and the presumption is, *omnia recte acta* by the officer.

V.   All these things being so, of course the maliciously intending to injure and oppress the plaintiff, &c., where nothing unlawful, and only what was lawful, was done in effectuation of such

intention, would not be the ground of a suit, as is shown by many cases. See *So. Royalton Bank* v. *Suffolk Bank*, 27 Vt. 507; *Wakefield* v. *Fairman*, 41 Vt. 339; *Brothers* v. *Morris*, Windsor County Supreme Court, February Term, 1877, and other cases *passim*.

Judgment affirmed.