# JOHN M. KEITH

*v.*

# ISAAC W. FINK.

1. NEW TRIAL—*verdict against evidence.* This court will not grant a new trial in cases where, upon a careful inspection of the record, the verdict of the jury is warranted by the fair and reasonable intendment of the facts and circumstances.

2. ASSIGNMENT FOR THE BENEFIT OF CREDITORS—*to pay individual liabilities of partners—void.* Where, by the deed of assignment by an insolvent firm, partnership property is appropriated to the payment of the individual debts of one

partner, such assignment is *per se* fraudulent and void as to the firm creditors.

3.  PARTNERSHIP—*concerning the assumption by—of the individual debts of one partner.* Where the individual debts of one partner are assumed by the firm, strict proof will be required of the honesty of such transaction, that the consideration therefor was valuable, and that it was for the benefit of the partnership, beyond all controversy.   Even then the power is doubted.

APPEAL from the Circuit Court of Montgomery county; the Hon. E. Y. RICE, Judge, presiding.

The opinion states the case.

Messrs. BILLINGS & WISE, and Messrs. KINGSBURY & KITCHELL, for the appellant.

Messrs. STUART, EDWARDS & BROWN, and Mr. J. J. PHILLIPS, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

Appellee, being a creditor by note of Keith, Lyford & Company, composed of John M. Keith, F. M. Lyford and Charles M. Wool, on the first day of February, 1867, sued out of the office of the clerk of the Montgomery circuit court, a writ of attachment under the act of 1865, amending the general attachment law, on an affidavit then filed by him, that Keith & Lyford, partners, under the name of Keith, Lyford & Co., had fraudulently conveyed and assigned their property and effects so as to hinder and delay their creditors, and that, within two years prior to filing the affidavit.   The writ was levied on the 2d of February, on certain personal property, as the property of John M. Keith, one of the firm.   Albert H. Brown and David B. Jackson were summoned as garnishees.   The declaration was filed on the 22d of February.

The defendants, for plea, traversed the facts stated in the affidavit, on which issue was joined, a trial had by a jury, and

35—47TH ILL.

a verdict and judgment for the plaintiff, a motion for a new trial having been overruled.

To reverse this judgment Keith brings the record here by appeal, and assigns several errors upon it.

The principal question arises upon the instructions given fo. appellee. The refusal to grant a new trial is also alleged as error.

On this point, as there was much evidence heard, and that of the members of the firm themselves, it would be a very clear case indeed, that could justify this court in disturbing a verdict found under such circumstances. It must be made apparent that the jury overlooked some important portion of the evidence, or were so swayed by passion or prejudice, as to do injustice. There is, really, on careful examination of the record, no ground for assuming that the jury did not well consider the testimony, and weigh well the facts. The fraud charged, is one in law, not in fact. The only question is, did the court properly instruct the jury as to the law on the facts. It appears the court gave to the jury all the instructions asked for by both parties, and, as an epitome of the laws, when taken and considered together, no serious objection is shown to exist to them as such, though one or more of the instructions for the plaintiff, standing isolated, might have misled the jury.

The law of the case was fully stated in the tenth instruc tion for the plaintiff, and in the eighth given on behalf of the defendant.

The controversy was as to the *bona fides* of the assignment of this firm. The counsel for the plaintiff contended that by the assignment, the firm assets were appropriated to the payment of the individual debts of the partners.

The court, on this point, gave for plaintiff the tenth instruction. as follows :

" The court instructs the jury, on the part of the plaintiff, that the debts named and provided for by the deed of assignment

as due to Davis, Haskell & Co., upon the note of Keith & Miller, and the note of D. B. Jackson, signed by Lyford and Wool, are shown *prima facie* by the deed of assignment in evidence, not to be debts arising by the firm of Keith & Lyford, or Keith, Lyford & Co., and unless it has been shown to the satisfaction of the jury by the evidence in the cause, that before the execution of the deed of assignment, the firm of Keith & Lyford, upon a valuable consideration, assumed and became liable to pay the same to the holders thereof, Davis, Haskell & Co., and D. B. Jackson, are to be regarded, not as creditors of the partnership, but of the individuals who signed the notes, respectively, and in such case the provision made for the payment of such claims, contained in the deed of assignment, renders the same void in law, and the jury should find for the plaintiff."

The defendant's eighth instruction was as follows:

"Although the jury may believe, from the evidence, that some of the claims mentioned in the assignment were originally the debts of Keith alone, or of Lyford alone, or of Wool, still, if they believe, from the evidence, that the firm of Keith & Lyford assumed the payment of these claims to the holders thereof, before making the assignment, for a valuable consideration, they became a partnership liability, and it was right and proper to include them in the assignment."

These instructions placed before the jury clearly the main point in controversy, and by their verdict, they have said that certain of the debts provided for by the assignment, were, at no time, partnership liabilities. If they were not, the law is not disputed that such a preference vitiates the deed.

*Prima facie,* and it is not rebutted, the debt to Davis, Haskell & Co., amounting to four thousand six hundred and odd dollars, was the debt of Lyford alone, it being for accommodations to him to carry on a private speculation in flour, with which the firm of Keith, Lyford & Co. had no concern, Wool

being then a member, but having no interest in it. Lyford alone executed the notes in the firm name.

The note of eight hundred dollars to the same party, was a note signed by Keith, with William C. Miller his security, and had nothing to do with the partnership business, and to secure which Miller had a chattel mortgage on the individual property of Keith. There is nothing to show this debt was at any time a partnership debt, and the jury so found.

So it may be said of the debt secured to the express company. That debt had been paid by Keith with money he had borrowed for that purpose, and for which he was individually liable, having been incurred by a breach of trust on his part while acting as the agent of the company.

Some of the instructions given for the defendant go, perhaps, farther than they should have gone, on the power of the company to assume the individual debts of a partner for a valuable consideration. It should be particularly said, there must be clear proof of the honesty of the transaction, that the consideration was valuable, and that it was for the benefit of the partnership beyond all controversy. Even then we are inclined to doubt the power. But, in this case, the jury have ignored all these, and we see no reason to question the conclusion to which they arrived. Such an appropriation of the firm property, as was said in the case of *Wilson* v. *Robertson*, 21 N. Y. 587, to pay the individual debt of one of the partners is, in effect, a gift from the firm to the partner,—a reservation for the benefit of such partner, or his creditors, to the direct injury of the firm creditors.

An assignment with such a provision in it is held to be, *per se*, fraudulent and void.

We cannot perceive the jury erred in the verdict found, nor did the court in the instructions given, on which we have commented. The judgment must be affirmed.

*Judgment affirmed.*