## FRANKLIN N. PERRY *v.* WILLIAM H. CARR.

*Attachment.     Officer.     Damages.     Pleading.     New Assignment.*

An officer proceeding to attach a store of goods, on writs placed in his hands for service, may enter and take the goods and remain as long as is reasonably neces sary to make a proper attachment; but would be liable to damages for an unnec- essary expulsion and continued exclusion of the owner.

The plaintiff declared against the defendant in trespass for breaking and entering his store, and forcibly expelling him therefrom and keeping him out for twenty days. The defendant in his plea alleged that the goods belonged to D, and that he en- tered to attach them on writs against D, and was obliged to expel the plaintiff forcibly, and to keep him out for said time in order to attach the goods and safely keep them until he could remove them. The plaintiff traversed the plea. It turned out that the goods were D's as to his creditors, so that the defendant had the right to·go into the store for the purpose of attaching them on the writs he held, and remain as long as was reasonably necessary to make a proper attachment. But the evidence did not tend to show that it was necessary for the defendant to eject the plaintiff, and exclude him in the manner and for the time stated and proved, in order to make a proper attachment. *Held* that, upon this state of the evidence relating to the issues joined by the pleadings, the plaintiff was entitled to have the court instruct the jury that he was in any event entitled to recover such damages as they might find he suffered by reason of the forcible expulsion, and exclusion therefrom for said time.

The declaration contained a minute statement of the whole cause of action, and the plea professed to answer the whole, not only the breaking and entering the store, but the ejectment and exclusion of the plaintiff therefrom; all which was traversed in the replication. *Held* that the pleadings were sufficient, and that no new assign- ment was necessary.

If the defendant had merely justified the breaking and entering for the purpose al- leged, the plaintiff would have been required to new assign, if he claimed to re- cover on the ground that the defendant remained in the store and kept the exclusive possession of it longer than was necessary to make the attachment.

TRESPASS in four counts, to which the defendant pleaded the general issue, and four special pleas in bar, to which the plaintiff replied.     Trial by jury, September term, 1867, BARRETT, J., presiding.

The plaintiff's evidence tended to show that on the 16th day of March, 1861, he owned and was possessed of a store of goods in Londonderry, that on that day the defendant entered the store, and took possession of it, and continued to stay until the 18th day of March, when he took the plaintiff by the collar, and pulled him along out of said store.     The plaintiff testified " that the defend- ant took me by the collar and I went along out with him.     He didn't hurt me any."     That the defendant took and kept possession

of the same until the 30th day of March, at which time he removed goods therefrom to the value of about $1200. The plaintiff's title to said store building was derived from one John S. Dexter, who gave the plaintiff a lease in writing for one year from February 8th, 1861. No question was made as to the plaintiff's right to the possession of the store, except so far as the defendant claimed to justify his entry and taking of possession, under and by virtue of the writs in his several pleas mentioned.

The defendant's evidence tended to show that the plaintiff had no title to the goods in his declaration mentioned, other than what he derived by a pretended sale from John S. Dexter to him on the 6th day of February, 1861, which sale was fraudulent and void as to the creditors of Dexter; that the plaintiff's title to the store and to the goods was acquired by him from Dexter at the same time, and as one transaction, and that the transaction was fraudulent as to the creditors of Dexter; that the defendant, as deputy sheriff, had placed in his hands on the 16th day of March, 1861, several writs in favor of different persons named against Dexter, with directions to serve the same by attaching, as the property of Dexter, goods in said store, and proceeded to make service thereof. The defendant also gave evidence tending to show that it was necessary for him to take possession of the store in order to make an effectual attachment of said goods on said writs; that the defendant put the plaintiff out of the store merely to take possession for the purpose of rendering said attachments effectual; that the plaintiff resisted only sufficient to show that he did not give up possession voluntarily and merely to assert his right and title, and no actual damage to the plaintiff's person was done or claimed. His evidence did not tend to show that it was necessary for him to eject the plaintiff from the store, and exclude him therefrom in the manner and for the time that it was shown he did.

The plaintiff requested the court to instruct the jury that he was in any event entitled to recover such damage as the jury might find he suffered by reason of the defendant having forcibly expelled him from the store, and also such damage as he suffered by reason of the defendant having taken and kept exclusive possession of the store from the 18th to the 30th of March.

The court charged the jury fully as to all points and features of

the case, to which no exception was taken only so far as the part stated below is contrary to, or a failure to charge as requested, viz.: "If the goods were Dexter's as to his creditors, the defendant had the right to go into the store and attach them. If not Dexter's but the plaintiff's, then he had no right to enter for that purpose, and the plaintiff is entitled to recover for the entry by the defendant, and keeping out of the plaintiff. If the goods were Dexter's as to his creditors, though the plaintiff may have owned them as against Dexter, the defendant had the right, as deputy sheriff, to go into the store for the purpose of attaching them on the writs he held, and remain as long as was reasonably necessary to make a proper attachment of goods on said writs, (explaining to the jury fully what would be reasonally necessary for that purpose). If he thus properly entered, then the defendant is not liable for such entering, and under the count for breaking and entering he would not be liable for afterwards remaining in it and keeping possession of it to the 30th of March. There is no evidence tending to justify under the count for assault and battery in taking the plaintiff by the collar and leading him out of the store, and on that count the plaintiff is entitled to recover nominal damages at any rate, and such actual damages as you find he sustained;" (explaining satisfactorily the subject of nominal and actual damages.)

The court directed the jury to return special findings as to some of the points submitted to them, and they did so. On the count for assault and battery the plaintiff recovered thirty-seven and one-half cents damages, and nothing in other respects.

The plaintiff excepted to the part of the charge above stated so far as it is contrary to his requests, or fails to comply with said requests.

The following is an abstract of the pleadings :

*First count.* For breaking and entering the plaintiff's store in Londonderry, March 15, 1861, and ejecting and keeping out the plaintiff twenty days, whereby his business was interrupted, etc.

*Second count.* Assault and battery in common form, March 15, 1861.

*Third count.* Breaking and entering the store same day, ejecting and keeping out the plaintiff twenty days and carrying off his goods, a list of which is given.

*Fourth count.* Taking and carrying away the same goods as in the third count.

The special pleas alleged soil and freehold of the store in John

S. Dexter, and that he owned the goods therein ; that the defendant as deputy sheriff had writs in his hands against Dexter, which are described in detail, and entered the store for the purpose of attaching the goods ; that the plaintiff hindered and resisted him, and that he was obliged to put him out gently for the purpose of attaching the goods, and for like purpose was obliged to take and keep possession of the store for a reasonable time, etc.

The replication put in issue all the material allegations of the pleas, except the official character of the defendant, and the existence and validity of the writs set forth in the pleas, which were not denied.

*Charles N. Davenport*, for the plaintiff, cited *Fullerton* v. *Mack*, 2 Aik., 415 ; *Newton* v. *Adams et al.* 4 Vt., 437 ; *Winterbourn* v. *Morgan*, 11 ¦East, 394 ; *Six Carpenters' Case*, 8 Coke, 146 ; *Hubbell* v. *Wheeler*, 2 Aik., 359 ; *Lamb* v. *Day*, 8 Vt., 407 ; *Briggs* v. *Gleason*, 29 Vt., 78 ; Gen. Sts., § 16, ch. 33 ; *Austin* v. *Chittenden*, 32 Vt., 168 ; *Andrews* v. *Chase*, 5 Vt., 409 ; 1 Chit. Pl., 659., *et seq.* ; 5 Barn. & Ald., 220.

*Hoyt H. Wheeler*, for the defendant, cited *Gates* v. *Bailey*, 2 Wils., 313 ; *Wilson* v. *Seavey*, 38 Vt., 221 ; *Taylor* v. *Cole*, 1 H. Black, 555 ; *Monprivatt* v. *Smith*, 2 Camp., 175 ; Story's Pl., 620 ; 19 Vt., 107 ; *Six Carpenters' Case*, 8 Coke, 146 ; 1 Saund., 443 *n.*, Gen. Sts., 672, § 32.

The opinion of the court was delivered by

WILSON, J.   The questions which this case presents for adjudication arise from the charge of the court below upon the issues raised by the pleas and replication thereto, relating to the *first* and *third* counts of the declaration.   These counts allege, among other things, " that the defendant broke and entered the plaintiff's store, and with force and arms, ejected, expelled, put out and removed the plaintiff from said store, and from the possession, use, and occupation and enjoyment thereof, for the space of twenty days."   The defendant, in his special pleas, sets forth, among other things, that the store in said counts mentioned was the store of John S. Dexter, and that he owned the goods therein ; that the

defendant, as deputy sheriff, had writs against Dexter, and entered the store for the purpose of attaching the goods therein. The defendant states in said pleas that he took the exclusive possession of the store, and expelled the plaintiff forcibly therefrom and kept him out for the space of time in the declaration mentioned ; that he was obliged to put him out in order to make the attachment of the goods and safely keep them until he could remove them elsewhere, and that for the same reason he was obliged to take and keep possession of the store for the period mentioned in those counts of the declaration. The plaintiff, in his replication, denies that the defendant necessarily took possession of the store in order to secure the goods and chattels safely for a reasonable time and until he could remove them to some other place, or that the defendant necessarily kept possession of the store for the space of time in the *first* and *third* counts of the declaration mentioned, and the replication denies that the defendant necessarily staid and continued in said store during said space of time. The defendant's testimony tended to show that the contract between the plaintiff and Dexter, in relation to the goods in said store, was fraudulent and void as to the creditors of Dexter, and the jury so found the fact. But as between the plaintiff and Dexter, the plaintiff stood in the right of Dexter, and had the right to the possession, use and occupancy of the store, as against the creditors of Dexter, until they had acquired title thereto. The jury found that the goods in the store were Dexter's as to his creditors ; the defendant, therefore, had the right to go into the store for the purpose of attaching them on the writs he held, and remain as long as was reasonably necessary to make a proper attachment of the goods on the writs so held by him. But the evidence did not tend to show that it was necessary for the defendant to eject the plaintiff from the store and exclude him therefrom in the manner and for the time it was shown he did. Upon this state of the evidence relating to the issues joined by the pleadings, the plaintiff requested the court to instruct the jury that " he was in any event entitled to recover such damage as the jury might find he suffered by reason of the defendant having

forcibly expelled him from the store, and also such damage as he suffered by reason of the defendant having taken and kept exclusive possession of the store from the 18th to the 30th of March." Upon the point made by said request, the court told the jury that "if he (the defendant) thus properly entered, then the defendant is not liable for such entering, and under the count for breaking and entering he would not be liable for afterward remaining in it and keeping possession of it to the 30th of March." We think the plaintiff was entitled to such a charge as he requested, and that the instructions of the court on this point are erroneous. The first and third counts of the declaration contain a minute and circumstantial statement of the cause and whole cause of action in respect to which the plaintiff proceeds. If the defendant had merely justified the breaking and entering the store for the purpose alleged, the plaintiff would have been required to new assign if he claimed to recover on the ground that the defendant remained in the store and kept the exclusive possession of it longer than was necessary to make the attachment. But the defendant's plea to the first and third counts professes to answer the whole cause of action contained in said counts. The plea attempts to justify not only the breaking and entering the store, but also the ejecting of the plaintiff from the store and excluding him therefrom in the manner and for the length of time in said counts mentioned. All the material allegations of the plea are traversed by the replication, and the grounds on which the plaintiff claims to recover are directly and perfectly within and presented by the issue thus formed. Upon the pleadings and evidence the case stands, as to the point in question, precisely as it would upon new assignment and traverse thereof. But the declaration was traversed, and under that issue the question, whether the defendant remained in the store and excluded the plaintiff therefrom for a longer time than was necessary to make the attachment, was presented for trial. If the plaintiff had new assigned, and the defendant had denied or attempted to justify the matter contained in the new assignment, the same subject matter, issue and questions would have been presented in two forms, differing the one from

the other only as to the stage of the pleadings at which the issue was formed. But we all agree that the pleadings in the case are sufficient, and that no new assignment was necessary. 1 Chit. Pl., 669, 659, *et seq.;* 5 Barn. & Ald., 220. It is not apparent to us how the plaintiff could set forth with greater precision and exactness the grounds on which he claims to recover damage, than they are set forth in his declaration. The defendant's pleas show that he understood the grounds on which the plaintiff would claim damages; hence the pleas profess to answer all the grounds on which the plaintiff could claim to recover under the declaration, or under a new assignment.

The judgment of the county court is reversed and the cause is remanded.