# Proskauer *v.* People's Savings Bank.

*Bill in Equity by Creditor to set aside Fraudulent Convey-ances.*

1. *Alternative averments, as to consideration of conveyance assailed for fraud.*—In a creditor's bill seeking to set aside a conveyance on the ground of fraud, alternative averments as to the consideration of the deed are permitted, when each averment makes the conveyance fraudulent, and entitles the complainant to the same relief.

2. *Fraudulent conveyance ; simulated consideration.*—When the consideration of a conveyance by a debtor is wholly simulated, or is partly simulated for the purpose of approximating the apparent consideration and the real value of the property conveyed, and the conveyance is executed with the intent to prevent the property from being subjected to the debts of the grantor, it is fraudulent and void as against creditors.

3. *Same ; antecedent liability as surety on administration bond, as consideration.*—An absolute conveyance by an insolvent or embarrassed debtor to his surety on an administration bond, intended only as a security or indemnity against the surety's antecedent liability, no new or additional liability being contemporaneously incurred, is fraudulent and void as against the existing creditors of the grantor.

4. *Estoppel en pais against creditor by laches, or by accepting fraudulent grantee as indorser.*—A creditor is not estopped from filing a bill to set aside, on the ground of fraud, a conveyance executed by his insolvent debtor, and a subsequent conveyance by the grantee to the debtor's wife, because he delayed for one or two years after the execution of the conveyances, making efforts in the meantime to collect his debt; nor because he renewed his debt after the execution of the conveyances, and accepted the fraudulent grantee as indorser on the renewed note, to the payment of which he seeks to condemn the property conveyed.

5. *Statute of limitations in favor of fraudulent grantee.*—The limitation in favor of a fraudulent grantee of land, against creditors of his grantor, is ten years; and in cases of fraud, the creditor is allowed an additional period of one year after the discovery of the fraud (Code, § 3242) ; but this is not an exception restricting the general limitation to one year.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 29th August, 1884, by the People's Savings Bank, a domestic corporation located and doing business in the city of Mobile, as a creditor of Adolph Proskauer, against the said Proskauer, his wife, Mrs. Julia Proskauer, and George F. Werborn ; and sought to set aside, on the ground of fraud, a conveyance of real estate in the city of Mobile executed by said Proskauer to said Werborn, and a subsequent conveyance of the same property by said Werborn to Mrs. Proskauer, and to subject the property to the satisfaction of the complainant's debt. The bill alleged that said

17

Proskauer was indebted to complainant, on the 17th January, 1882, more than fifteen thousand dollars, which indebtedness "has been, from time to time, renewed and extended, small payments being made on account thereof;" that on the 2d February, 1883, he executed and delivered to said bank his promissory note for $950.66, payable twelve months after date; that on the 4th February, 1884, he executed and delivered to complainant his two promissory notes for $1,666.66 each, one payable to himself, and the other to said Werborn, both indorsed in blank, and payable six months after date; that these three notes were "so made and delivered in renewal and extension of a part of the aforesaid indebtedness which had been due to complainant from said Proskauer on and before the 17th January, 1882," and that all of said notes were past-due and unpaid when the bill was filed.

The conveyance by Proskauer to Werborn, which the bill sought to set aside, and a copy of which was made an exhibit, was dated the 17th January, 1882; was signed by said Proskauer and his wife, and acknowledged by them, before a notary public, on the 27th January, 1882; conveyed a house and lot in the city of Mobile, which was described as the homestead of the grantors; and recited as its consideration "the sum of five thousand dollars to them in hand paid by said Werborn, and the further consideration that said Werborn has become surety on the bond of said Adolph Proskauer for thirty thousand dollars, as administrator of the estate of — Heinaman, deceased." As to the consideration of this deed, the bill contained the following allegations:

"*Par.* 3. Said Werborn did not pay to said Adolph Proskauer the sum of three thousand dollars, the consideration in said deed mentioned, or any consideration whatever; or, if he did make any payment, that the same was a sum much less than the real value of said property; and your orator shows that, at the time of such pretended sale, said property was really worth, in cash, not less than six thousand dollars. Your orator further shows, that the further consideration in said deed mentioned—namely, that said Werborn had become surety on the administration bond of said Proskauer—was not a valuable consideration to sustain an absolute conveyance of said property; that said Werborn had, in fact, become such surety before the execution of said deed, and there had been no settlement of said administration, and said Werborn had never paid anything on account of the liability incurred by him as such surety; that said Proskauer was, at the time said conveyance was made, largely indebted to parties other than your orator, and was insolvent; that said conveyance was made by him for the purpose of so covering said property as to prevent it from being

subject to the payment of his debts, and with the intent thereby to hinder, delay or defraud your orator and his other creditors; and that his said object was known to said Werborn, and was participated in by him; and that if said Werborn actually paid a sufficient consideration for such property, he did so with the knowledge of such intent, or with knowledge of facts which charged him with notice thereof. Your orator shows, that said Proskauer, ever since such pretended sale to Werborn, has occupied said property, with his family, as their residence, and still occupies it; that such homestead, after being reduced to its lowest practicable quantity, largely exceeded two thousand dollars in value at the time of its conveyance to said Werborn, and still largely exceeds that value, and that the specific homestead exempted by the constitution and laws of Alabama can not be allotted out of said real estate; and as to all of said property in excess of two thousand dollars in value, your orator charges that said conveyance was fraudulent and void as to your orator, as an existing creditor of said Proskauer."

The deed from said Werborn to Mrs. Julia Proskauer, a copy of which was also made an exhibit to the bill, was dated March 23, 1883, and conveyed the same property, on the consideration, as recited, of one thousand dollars in hand paid, "and the further consideration of the payment of three thousand dollars, with accrued interest, according to the tenor of three negotiable promissory notes, of even date with this instrument, signed by said grantee, and payable to the order of said grantor, at the People's Savings Bank in Mobile, for respectively the sum of one thousand and eighty dollars, payable one year from date; one thousand one hundred and sixty dollars, payable two years from date; and twelve hundred and forty dollars, payable three years from date." As to the consideration of this deed, the bill contained the following allegations:

"*Par.* 4. Your orator further shows, that said conveyance by said Werborn to Mrs. Julia A. Proskauer was made in furtherance of said original fraudulent scheme; that said Julia has never paid anything to said Werborn in consideration of such conveyance, the consideration therein recited being wholly simulated; that if anything was paid to said Werborn, on account thereof, such payment was really made out of funds belonging to said Adolph Proskauer; or, if any payment on account thereof was made out of money belonging to said Julia, that she made such purchase with knowledge of the fraud affecting said Werborn's title to said property, or with notice of such facts as charged her with such knowledge."

A demurrer to the bill was filed by Proskauer and wife, and

also by Werborn; the causes of demurrer specially assigned, thirteen in number, being substantially as follows: (1.) That the bill showed on its face that the complainant had knowledge of the alleged fraud in the conveyances for more than twelve months before it was filed, and it was therefore barred by the statute of limitations. (2.) That the complainant's renewing and extending Proskauer's indebtedness, and accepting Werborn as indorser on the new notes, with knowledge of the conveyance to him, was a ratification of that conveyance, and estopped the complainant from assailing its validity. (3.) That the allegations as to the consideration of each of the conveyances were inconsistent and incompatible.

The chancellor overruled the demurrer, and his decree is now assigned as error.

D. C. ANDERSON, and F. G. BROMBERG, for appellant.

R. H. CLARKE, contra. (No briefs on file.)

CLOPTON, J.—Conceding that a general averment of fraud is insufficient, and that the facts out of which the supposed fraud arises, must be alleged, the bill is not obnoxious to this objection. It alleges facts, which, if true—and the demurrer admits them to be true—characterize both conveyances— the one to Werborn, and the one to Julia Proskauer—as fraudulent against the creditors of Adolph Proskauer; and alleges that the grantees had knowledge of, and participated in the fraud.

The ground of demurrer, that the bill is filed in two incompatible aspects, is founded on a misconception of the frame, character, and purpose of the bill. It is filed by a simple-contract creditor, and its sole purpose is to assail the alleged fraudulent character of the conveyances, and to condemn the property conveyed to the payment of complainant's debt. The allegations as to the consideration are varied, with the view to meet any supposable state of the evidence; but, if either of the alternative allegations is true, the consideration is fraudulent.

The expressed consideration of the deed to Werborn is five thousand dollars paid, and that Werborn has become surety on the bond of the grantor as administrator. The bill avers that no money whatever was paid; or, if any was paid, it was largely less than the real value of the property; and that Werborn had become such surety before the execution of the deed; that there had been no settlement of the administration, and the surety had paid nothing on account of his liability. A consideration wholly simulated, or simulated in part, if inserted for the purpose of increasing the apparent consideration to an

amount equal to or approximating the value of the property, where the deed is executed with the intent to prevent the property from being subject to the debts of the grantor, as the bill alleges, is fatal to the validity of the deed.—*Tatum v. Hunter*, 14 Ala. 557. The mere fact of having become surety on an antecedent bond is not a valuable consideration, sufficient to sustain an absolute conveyance against the creditors of the grantor, the surety incurring no new, additional, or contemporaneous liability; and an absolute conveyance by an embarrassed debtor, secretly intended to operate as indemnity against an antecedent liability on the administration bond, reserves a benefit or use to the grantor, and is fraudulent as to his existing creditors.—*Sims v. Gaines*, 64 Ala. 392; *Fellows v. Lewis*, 65 Ala. 343. On either of the alternative statements as to the consideration, the complainant is entitled to the same relief, and the same defense is applicable. As to the conveyance to Julia Proskauer, the bill alleges a simulated consideration, or its payment with funds belonging to her husband, the debtor, or payment out of her own money with notice of the fraud affecting the title of her grantor.

Acts or admissions *en pais*, in order to operate an estoppel, must have influenced the conduct of the party setting them up, or alleging them as an estoppel. It can not be seriously contended, that the delay of a creditor to pursue property alleged to have been fraudulently conveyed, for two or three years, in the meantime making efforts to secure or obtain payment of his debt otherwise, estops him from assailing the first, or a supervening fraudulent conveyance, and seeking to subject the property to the payment of his demand; or that he is estopped by renewals of the debt, and accepting the grantee as an indorser, when such indorsement is not made, with the knowledge of the creditor, on the faith of such conveyance having been executed. Before Werborn became such indorser, he had disposed of the property to Julia Proskauer, as the bill alleges, fraudulently; and no inference or intendment arises from the averments of the bill, that the complainant influenced Werborn, in any manner, to become such indorser. The object of the bill is to condemn the property to the payment of the note, in relief of his indorsement.

The limitation which a fraudulent grantee of land may invoke for his protection, against a suit by the creditor of his grantor, is ten years—the period requisite to bar an action for the recovery of the land.—*Lockard v. Nash*, 64 Ala. 385. The statute which, in actions seeking relief on the ground of fraud, allows one year after the discovery of the facts constituting the fraud, within which to prosecute a suit, enlarges the time for the benefit of the creditor, or party complaining of the fraud,

[Davis v. Sowell & Co.]

where the statute has already created a bar; and was not designed, and does not operate, to abridge the time necessary to perfect a bar in favor of the fraudulent grantee.—*Code*, § 3242.

Affirmed, remanded for further proceedings.