[Shealy & Finn v. Edwards.]

# Shealy & Finn *v.* Edwards.

*Trespass for taking Goods under Attachment.*

1. *Presumption as to possession of notes, and failure to produce.*—When the purchasers of a stock of goods give their notes for the agreed price, and the validity of the sale is afterwards impeached by creditors of the vendor, the failure of the purchasers to produce the notes on the trial of the issue is not "ground for an unfavorable presumption against the validity of the sale."

2. *Fraudulent sale of goods; offer to rescind by purchaser.*—When a sale of goods is made with a fraudulent intent on the part of an insolvent debtor, the purchaser not participating in the fraud, and having no notice of such intent, actual or constructive, until after the contract is complete, he acquires a good title by his purchase, and is not required to offer to rescind on discovery of the fraud.

APPEAL from the Circuit Court of Talladega.

Tried before the Hon. LEROY F. BOX.

This action was brought by Shealy & Finn, suing as partners, against Joseph A. Edwards, Joseph Hardie and others, to recover damages for an alleged trespass in the seizure and sale of a stock of goods; and was commenced on the 19th of January, 1882. The defendants jointly pleaded not guilty, in short by consent; and said Edwards justified the seizure of the goods by him, as sheriff, under the levy of an attachment in favor of said Hardie against Terrell & Vincent, from whom the plaintiffs claimed by purchase, averring that the goods were subject to the process. Issue was joined on both of these pleas, and the trial resulted in a verdict and judgment for the defendants.

On the trial, as the bill of exceptions shows, the plaintiffs proved their purchase of the stock of goods from said Terrell & Vincent, and offered "evidence tending to show that, if said Terrell & Vincent intended by said sale to hinder, delay or defraud their creditors, they (plaintiffs) had no knowledge or suspicion of it, and did not know, at the time they were making the trade, any fact or circumstance which caused them to suspect any such intent on the part of said Terrell & Vincent, and had no knowledge of said Terrell & Vincent's indebtedness to Hardie & Co. or any one else. But there was, also, evidence tending to show that, at and previous to the time of said sale, said Shealy & Finn had knowledge of facts and circumstances calculated to excite suspicion ; that the sale was not open and public, and was not in the ordinary mode of doing such busi-

[Shealy & Finn v. Edwards.]

ness." The bill of exceptions purports to set out "all that the evidence tended to prove," and states, among other things, that the defendants offered evidence tending to prove that Terrell & Vincent were insolvent at the time when they sold their stock of goods to plaintiffs; "that said goods were sold by them for the purpose of hindering, delaying and defrauding their creditors; and that plaintiffs knew of this intention on their part, or might have known of it, if they had acted with reasonable diligence when put on inquiry. One Baker, a witness for defendants, who had been in the employment of said Terrell & Vincent as their book-keeper, testified to their embarrassed condition at the time of the sale to plaintiffs, and their efforts to borrow money; and he stated that, in a private interview with them at his house, he told them he could let them have $1,500. "Plaintiffs asked said witness, on cross-examination, where he got the money; to which question defendants objected, and the court sustained the objection; to which plaintiffs excepted. Plaintiffs then proposed to ask said witness questions, the answers to which, as they insisted, would show that he did not have the amount of $1,500, nor any means of securing it;" and they duly excepted to the refusal of the court to permit these questions to be asked.

By the terms of the contract between said Terrell & Vincent and plaintiffs, according to the testimony of plaintiffs' witnesses, the agreed price of the goods was $2,750, for which plaintiffs executed their three notes, two for $1,000 each, and one for $750, dated the 9th December, 1881, the day of the sale, and payable on the 1st December, 1882. "Said Shealy and Finn each testified, that said notes had not been paid, nor had he seen them since the 9th, 10th, and 11th December, 1881. The notes were not produced by plaintiffs on the trial, nor their absence accounted for in any other way than by said Terrell testifying, as a witness for the plaintiffs, that he delivered one of said notes to Miss Malinda Vincent, who was a sister of his partner, on Saturday morning, the 10th December, 1881, and that said Vincent carried the other two to his father, for the purpose of delivering them to him, and he had not seen either of said notes since; and said Vincent testified, for plaintiffs, that he delivered the notes to his father, on said Saturday or the next, at his house several miles distant from Talladega; that nothing was said about the notes at the time, as he remembered, by himself or his father, and that he had not seen either of said notes since. The defendants introduced, also, evidence tending to prove that said Shealy, a few days after said sale, told one Clark, who was introduced as a witness by defendants, that one of said notes was payable to Mrs. Ter-

[Shealy & Finn v. Edwards.]

rell, one to Miss Vincent, and the third to some other person, but none of them was payable to Terrell & Vincent."

The court gave numerous charges at the request of the defendants, and among them the following: (7.) "In a suit between an attaching creditor of an insolvent debtor and a purchaser from such debtor, the failure or omission to produce in evidence the promissory notes, which it is alleged were given for the purchase-money, is ground for an unfavorable presumption as to whether the contract is valid or invalid as to creditors." (19.) "If Terrell & Vincent made a contract for the sale of their entire stock of goods to Shealy & Finn, and were at the time insolvent, or in failing circumstances, and made the contract with intent to hinder, delay or defraud any of their creditors; and if the defendant Hardie was one of their creditors at the time; and if Shealy & Finn gave their notes for a part of the purchase-money, and, before the payment of said notes, or any part of the purchase-money, and before the contract was finally completed, discovered, or had reasonable grounds to believe, that the contract of sale was made by said Terrell & Vincent with the intent to hinder, delay or defraud their creditors; and if they did not offer to rescind the contract, or to take back their notes; then the jury may well consider the same, in connection with the other evidence in the cause, in determining whether they aided or participated in such unlawful intent; and if they did participate or aid therein, the contract of sale is void and of no effect against Hardie, and the jury should find a verdict accordingly." The plaintiffs excepted to each of these charges as given, and they now assign them as error, together with the rulings of the court on the evidence.

HEFLIN, BOWDON & KNOX, for appellants.

BROOKS & ROY, contra.

STONE, C. J.—This is the third appeal in this cause.—See *Shealy & Finn v. Edwards*, 73 Ala. 175; s. c., 75 Ala. 411.

The question on which this case hinged, in the last two trials in the Circuit Court, was fraud *vel non* in the alleged sale of a stock of goods by Terrell & Vincent to Shealy & Finn. Almost every phase of this question has been heretofore considered in this court.—*Borland v. Mayo*, 8 Ala. 104; *Crawford v. Kirksey*, 55 Ala. 282; *Hubbard v. Allen*, 59 Ala. 283; *Harrell v. Mitchell*, 61 Ala. 270; *Thames v. Rembert*, 63 Ala. 561; *Lehman, Durr & Co. v. Kelly*, 68 Ala. 192; *Levy v. Williams*, at the present term. It would seem to be a waste of time to repeat what we have so often declared, and we will

[Shealy & Finn v. Edwards.]

not attempt it. In charging the jury, the Circuit Court, in all respects save those after noticed, pursued the former rulings of this court.

Shealy & Finn claimed the goods, for the attachment and seizure of which they brought this action of trespass, under an alleged purchase from Terrell & Vincent. The purchase was entirely on credit, the purchasers giving to Terrell & Vincent their notes for the purchase-money. Those notes are not presumed to have remained with Shealy & Finn, the makers, but the presumption, as well as the proof is, that they were delivered to Terrell & Vincent. They are still with them, or with their transferrees, so far as this record informs us. They were no more under the control of Shealy & Finn, than they were under the control of defendants. Neither could compel their production, except by subpœna *duces tecum.* Proof had been received of the execution of the notes, and their several amounts; and from the charge given, we must suppose this proof was made without the production of the notes. In the seventh charge asked by appellees and given, the Circuit Court instructed the jury that the failure of plaintiffs to produce these notes in evidence was "ground for an unfavorable presumption as to whether the contract is valid or invalid as to creditors." In this the Circuit Court erred.

The 19th charge asked and given, can not be vindicated. The hypothesis of that charge is, that the sale was made with fraudulent intent on the part of Terrell & Vincent, but Shealy & Finn had no notice of such intent, either actual or constructive, until after the contract of purchase was complete, and did not participate in the fraud. If the jury find these to be the facts, then Shealy & Finn acquired a good title by their purchase, and Hardie is without power to subject the merchandise to the payment of his demand. His recourse, if any, would be to intercept and condemn the unpaid purchase-money. On this hypothesis, there was no duty resting on Shealy & Finn to offer to rescind their contract of purchase.

The Circuit Court did not err in disallowing plaintiff's question to witness Baker, as to the source from which he obtained the sum of money he had testified he had. Whether he had such sum, or whence he obtained it, were inquiries wholly foreign and immaterial to the issue before the jury.

Reversed and remanded.