# Pollak *v.* Searcy.

*Action for Trespass on Property.*

1. *Sale in consideration of antecedent debt; relationship between parties to sale; bona fides; burden of proof; presumption.*—Plaintiff claimed to have purchased certain property of his debtors, applying it towards payment of his debt. Before the property was removed it was attached by other creditors, and plaintiff brought suit against the attaching creditors. *Held*, that if the claim of the attaching creditors was prior to the alleged sale, the burden is on plaintiff to show that his vendors were indebted to him, and that he purchased the property in payment of such indebtedness at a reasonable valuation, before any presumption of the *bona fides* of the sale to him will arise; and the fact of relationship between the plaintiff and vendors casts on plaintiff the duty of making clearer and fuller proof of these facts than if they had not been related.

2. *Attachment; action for levy; evidence.*—Where property claimed to

[Pollak v. Searcy.]

have been sold is subsequently attached as the property of the vendors, an offer by the attaching creditors to return the surplus over and above their claim, is admissible in an action by the vendee against such creditors for making the levy, in case the sale is found fraudulent, in order to show no intention to make an excessive levy.

3. *Evidence; account books; res gestæ.*—The account books of debtors are competent evidence as part of the *res gestæ*, to show their indebtedness; but any thing suspicious in them is not evidence against the creditor, unless there is proof connecting him with it.

APPEAL from Lowndes Circuit Court.

Tried before Hon. JOHN MOORE.

This was an action by George W. Searcy, appellee, against Pollak *et al.* for levying an attachment on property claimed by said Searcy under a sale to him by his debtors, Blake & Searcy, who were also debtors to said Pollak.

RICE & WILEY, for appellant.

WATTS & SON, and J. C. RICHARDSON, *contra.*

STONE, C. J.—Blake & Searcy conveyed their merchandise, by sale absolute in form, to George W. Searcy, in payment of an alleged debt to him. The real issue in this case is, whether or not the alleged debt from Blake & Searcy to Geo. W. Searcy, as claimed, was *bona fide*, and whether or not the sale was absolute, reserving no interest or benefit to the sellers. The amount claimed by Geo. W. Searcy as due to him by Blake & Searcy, was twenty-four hundred dollars, and there is no proof that the merchandise, claimed to have been conveyed, was worth more than that sum. The rules for determining whether or not such sale is valid against an existing creditor, have been so often declared by this court, that we consider it unnecessary to repeat them.—*Crawford v. Kirksey*, 55 Ala. 282; *Sims v. Gaines*, 64 Ala. 392; *Lehman v. Kelly*, 68 Ala. 192; *Seaman v. Nolen, Ib.* 463; *Com. Bank v. Brewer*, 71 Ala. 574; *Hodges v. Coleman*, 76 Ala. 103; *Proskauer v. People's Saving Bank*, 77 Ala. 257; *Shealy v. Edwards*, 78 Ala. 176; *Levy v. Williams*, 79 Ala. 171; *Pritchett v. Pollock*, 82 Ala. 169.

Pollak & Co. were creditors of Blake & Searcy before and at the time the latter made the conveyance to Geo. W. Searcy, and soon after the conveyance was made, they indemnified the sheriff and attached the goods as the property of Blake & Searcy. The goods had not been removed, but were still in the store house in which Blake & Searcy had done busi-

ness. The claim on which the attachment was sued out was a fraction over five hundred dollars, while the goods in the store were worth considerably more than that sum. The levy was made late in the afternoon. The sheriff took possession of the store, and proceeded to select and inventory the goods, so as to set apart and take possession of such portion of them as he deemed sufficient to satisfy Pollak's claim. Defendants, Pollak *et al.*, offered to prove, in mitigation of damages, that on the next day, after completing the selection and inventory, the residue of the goods were tendered back, and Searcy refused to accept them. This testimony was ruled out on the motion of the plaintiff.

The right to make this defense must depend on the question, whether or not the sale by Blake & Searcy to Geo. W. Searcy was *bona fide.* If that sale was valid, then the levy of the attachment was a naked trespass, and the tender back, without acceptance, was no defense whatever.—*Clark v. Hallock,* 16 Wend. 607; *Hanmer v. Wilsey,* 17 Wend. 91.

In levying on merchandise, a part of a stock of goods, and even in perfecting a levy of an entire stock, the officer must have some time to ascertain what goods are required, or what goods there are, and to make an inventory of them. He must obtain control, to make a levy.—Murphree's Sheriffs, § 523. And no matter in whose house they may be, if not in a dwelling, he may, after demand and refusal, forcibly enter and levy, if the goods are subject to the process in his hands.

And he may remain in such house, for a reasonably sufficient time to perfect the levy, and remove the goods.—Murphree's Sheriffs, § 522; *Perry v. Carr,* 42 Vt. 50; *Rowley v. Rice.* 11 Metc. 337. *Platt v. Brown,* 16 Pick. 553; *Malcom v. Spoor,* 12 Metc. 279; *Messner v. Lewis,* 20 Tex. 221; Drake on Attch. § 246; *Green v. Burke,* 23 Wend. 490.

We find no pleas in this record, and must therefore presume that the case was tried on the general issue.—*May v. Sharpe,* 49 Ala. 140. Under our statutory system of pleading, the general issue merely casts on the plaintiff the burden of proving the allegations of the complaint. All matters of defense which go beyond this must be specially pleaded. —*Petty v. Dill,* 53 Ala. 641. Every thing relied on in the defense of the present suit required a special plea. If the conveyance from Blake & Searcy to Geo. W. Searcy was fraudulent, then the attachment was a full defense to that part of the action which complains that the defendant broke and entered the store, and carried away the goods, to the ex-

tent, and only to the extent, that the goods seized and removed did not exceed in value what would probably be required to make Pollak's debt secure.    As to the balance of the goods not required for Pollak's claim, if the justification under process is made good, and if there was no undue delay in perfecting the levy and offering back the surplus, and in vacating the premises, this, under a proper plea, is an answer to what might otherwise be adjudged an excessive levy.    The testimony of the tender back, if there was a proper plea raising the question, should have been received when offered, subject to be charged on, as the jury might find the sale to Geo. W. Searcy to be valid or fraudulent.

Two charges were given at the instance of the plaintiff, but each asserts the same proposition.    They were separately excepted to.    The language of the instruction is, "That if the facts relating to the sale of the property in question admit of two constructions, the one rendering it fraudulent, and the other, honest and valid, the latter must be accepted and acted upon."    This instruction hypothesises nothing as to the relative strength of testimony or belief, supporting the opposing alternate constructions.    These may be very weak, and still, not so weak or worthless as to fall within the asserted rule.    Admit, in the sense here employed, is the synonym of tolerate.    A paraphrase of the sentence would be, that, unless the testimony tending to prove the fraud is so clear as to admit of no other conclusion, then the jury must find the conveyance valid.    The rule declared is too exacting.

This precise question has been many times before this court, and we subjoin the exact language in which the principle has been expressed: "We are not allowed by the rules of law, any more than by the principles of common charity, to suppose fraud, when the facts out of which it is supposed to arise may well consist with honesty and pure intention." *Smith v. Branch Bank*, 21 Ala. 125; *Stiles v. Lightfoot*, 26 Ala. 443.    "Courts will not strain to force conclusions of fraud; and if the circumstances relied on to sustain that allegation are fairly susceptible of an honest intent, that construction should be placed upon them."—*Ala. L. Ins. & Tr. Co. v. Pettway*, 24 Ala. 544.    "Fraud will not be imputed, when the facts and circumstances from which it is supposed to arise may reasonably consist with honest intentions."—*Thames v. Rembert*, 63 Ala. 561; *Pickett v. Pipkin*, 64 Ala. 520; *Cromelin v. McCauley*, 67 Ala. 542.    It will be observed that in

[Pollak v. Searcy.]

the charges excepted to, the qualifying, yet expressive words, "well," "fairly," and "reasonably," are omitted.

In *Adams v. Thornton*, 78 Ala. 489, we reviewed our former decisions, and attempted to lay down a rule by which we proposed to be governed. Speaking of cases in which fraudulent intent is an issue, we said: "The assailing party encounters the presumption of honesty and fair dealing, but it is a disputable presumption, the burden of overcoming which rests on him. When he produces facts and circumstances in evidence, which not only cast a suspicion on the transaction, but show a state of facts which are not fairly or reasonably reconcilable with fair dealing and honesty of purpose, then he has overcome the presumption of purity of intention, and is entitled to a judgment of condemnation."

The principle we have been considering, although the controlling one in many cases of alleged fraud, is not so in cases like the present one. In this case, the real inquiry was, whether Blake & Searcy were indebted to Geo. W. Searcy, as was claimed, and whether the goods were sold in payment of such indebtedness at their reasonably fair value. The debt to Pollak, if older than the alleged sale of the goods, cast the burden, not on Pollak as to these issues, but on Searcy.

There was no presumption of honest intent to be overcome by Pollak, until Searcy established the two facts stated above.

And if on the whole proof the jury were not reasonably convinced of the truth of both of said propositions, then Searcy failed to make a case entitling him to recover. And the relationship between the parties cast on Searcy the duty of making clearer and fuller proof of these facts, than if they had not been related to each other.— *Gordon v. McIlwain*, 82 Ala. 247, and authorities cited.

If these two facts are established to the satisfaction of the jury, and if it be contended in avoidance of them that the trade was simulated, that there was a secret trust or benefit reserved to Blake & Searcy, the burden was then on Pollak to establish this. Should the contestation progress to this point, then as to it, and as to it alone, will the presumption of honest intention and the measure of proof required to overcome it, become pertinent to this case.

The books of Blake & Searcy were competent *res gestæ* evidence on the inquiry of their indebtedness to Geo W. Searcy, but any thing suspicious about them was not evidence against him, unless there was proof connecting him with it.

[Middleton v. Wilson & Lozano.]

The charge given on this subject was free from error. There is nothing in the other questions raised.

Reversed and remanded.