EDWIN G. CHEATHAM v. WILLIAM J. HAWKINS and others.

*Mortgage of Personal Property -- Possession of Mortgagor -- Presumptive Fraud.*

1. A mortgage of a stock of merchandise, containing the provision that the mortgagor is to remain in possession and continue to sell the goods, approaches the verge of being on its face fraudulent in law, but is not so.

2. In such case the mortgage affords the strongest possible ground of presumptive fraud and the burden of disproving the fraud is upon the party claiming under the mortgage.

(*Young* v. *Booe*, 11 Ire. 347; *Hardy* v *Skinner*, 9 Ire. 191; *Gilmer* v. *Earnhardt*, 1 Jones, 559; *Lee* v *Flannagan*, 7 Ire. 471; *Palmer* v. *Giles*, 5 Jones Eq. 75; *London* v. *Parsley*, 7 Jones, 313; *Foster* v. *Woodfin*, 11 Ire. 339; *Hardy* v. *Simpson*, 13 Ire. 132; *Askew* v. *Reynolds*, 1 D. & B. 367; *Gregory* v. *Perkins*, 4 Dev. 50, cited, distinguished and approved.)

CIVIL ACTION tried at a Special Term of GRANVILLE Superior Court, (held in August, 1876,) before *Seymour, J.*

The plaintiff was a judgment creditor of the defendant Walter C. Harris, and brought this suit to set aside a mortgage deed executed by said Harris to the defendants W. J. and C. M. Hawkins, upon the ground that said deed was upon its face fraudulent and void.

It was agreed that His Honor upon hearing the evidence should find the facts which are as follows;

The plaintiff obtained judgment by confession against said Harris on June 12th, 1875, for $1320.20 and two days thereafter, execution issued thereon. Previous to this transaction, viz; February 23d, 1875, said Harris executed to the other defendants, (who were trading under the firm name of Hawkins & Co.) a mortgage deed conveying a general stock of merchandise at Henderson in said County, and remained in possession and continued to sell the goods until the 20th of May, 1875, purchasing other goods and keeping no sepa-

rate account of those in the store at the date of said deed and those purchased subsequent thereto.

The amount of purchases made by said Harris during this period, was $5,915.94, and the amount of sales $6,291.95.

On said 20th May, 1875, said Harris was insolvent and surrendered said stock of goods, his only property, to one P. A. Andrews, agent of said Hawkins & Co. the purpose of which transaction was not to defraud creditors but to secure a *bona fide* debt.

Subsequently under proceedings had in said Court in an action between J. R. Young & Co. (who had a judgment lien prior to that of this plaintiff) and the defendants Harris and Hawkins & Co., a Receiver was appointed and said stock of goods were sold by him. The proceeds of said sale of goods purchased before the 23d of February, 1875, were applied to the payment of claims in favor of Hawkins & Co. ; and of those purchased after said date, to the judgment of said J. R. Young & Co. neither of which was paid in full by reason of the fund becoming exhausted

His Honor held, that Hawkins & Co. were entitled to retain the money paid under order of Court in the case of said Young & Co. against Harris and others, and adjudged that the defendants in this case recover their costs. From which judgment the plaintiff appealed.

*Mr. Geo. Badger Harris,* for plaintiff.
*Messrs. L. C. Edwards* and *J. B. Batchelor,* for defedants.

BYNUM, J. This deed approaches the verge of being fraudulent in law, but is not so. To find fraud, as a matter of law, it must so expressly and plainly appear in the deed itself as to be incapable of explanation by evidence *dehors*. If the deed of mortgage had expressed that there were other outstanding debts unsecured by the deed and that the property therein conveyed was all the bargainor possessed,

then, with the reservation of the possession contained in this instrument, the Court would hold that such a deed was fraudulent and void on its face. But the Court cannot so declare where it is possible to show by extraneous evidence that the mortgage was executed in good faith and for a legal purpose. If for instance it could be shown that when this deed was made, Harris owed no other debts or that owing them, he had other property outside of the mortgage and liable to execution amply sufficient to pay them, as matter of law, the deed must be upheld. Admitting this to be so, it is yet clear that the mortgage affords the strongest possible example of presumptive fraud and one which can be scarcely rebutted by any existing facts outside of the deed.

To secure a debt the bargainor conveys in mortgage an entire stock of miscellaneous merchandise and at the same time in the deed expressly reserves the possession of them, for at least nine months. The implication is irresistible, from the very nature of the business that he was to continue in selling and trading as before; otherwise why retain possession of goods, which would be a dead incumbrance upon his hands, without the power of disposition? There is no provision for his accounting for the proceeds of sale. He could apply the money in payment of debts, other than the mortgage debt; he could apply it to family expenses, or even to the purposes of pleasure or waste. Substantially the proceeds belonged to him until the maturity of the Hawkins debt to be expended as he pleased; and in the meantime, the entire stock of goods was to be secure from the reach of his creditors. This case is unlike and stronger than the cases of *Young* v. *Booe*, 11 Ire. 347; *Hardy* v. *Skinner*, 9 Ire. 191; *Gilmer* v. *Earnhardt*, 1 Jones, 559; *Lee* v. *Flannagan*, 7 Ire. 471, and that class of cases. In these, the property conveyed was of such a permanent and substantial nature that it could be followed and identified. In this the merchandise retailed lost the power of identity as soon as sold. The

*corpus* itself was lost and destroyed beyond pursuit or recovery. That kind of business could not be conducted without this result. The power to sell was the power to destroy and the sale was the destruction and extinction of the property. If there were other unsecured creditors at the time of this assignment and no other property of the debtor than that conveyed in the mortgage, out of which creditors could make their debts, the fraudulent intent would seem to be irrebuttable. A clear benefit is secured to the debtor and a clear right is withheld from the creditor beyond what the law permits. An assignment cannot cover up and preserve the property for the debtor's use or protect it from the remedies and demands of the creditors. Here is not only a retention of possession by the assignor, which is presumptive evidence of fraud, but there is the further power to dispose of it for the debtor's benefit, and still more, the exercise of that power annihilates the thing itself. We have then one of the strongest cases of presumptive fraud. It is clear that if there is no proof to rebut the presumption there is nothing for the jury to pass upon and the presumption of fraud raised by the law becomes conclusive. *Kendall* v. *Hitchcock*, 15 Mo. 416 ; Bump on Fraud. Conv. 158–161 ; *Palmer* v. *Giles*, 5 Jones Eq. 75; *London* v. *Parsley*, 7 Jones, 313 ; *Foster* v. *Woodfin*, 11 Ire. 339, and *Hardy* v. *Simpson*, 13 Ire. 132. The burden of disproving the fraud was cast upon the party claiming under the mortgage. What rebutting proof His Honor had before him does not appear, nor does it appear that he had any evidence outside of the deed itself which affected the infirmity upon its face. Certainly the facts found that the debtor was insolvent, owing eighteen thousand dollars and having no property except his stock of goods which he had thus conveyed, do not remove or tend to remove the presumption of fraud. Indeed they are the very facts which if they had been inserted in the deed of assignment would have authorized the Court

to declare the deed upon its face fraudulent in law and void.

The presumption of fraud having arisen, the case stated sets out no evidence in rebuttal or in explanation of the possession retained by the debtor. *Askew* v. *Reynolds*, 1 Dev. & Bat. 367; *Gregory* v. *Perkins*, 4 Dev. 50; *Foster* v. *Woodfin*, 11 Ire. 339.

His Honor therefore acting both as Court and jury erred in instructing himself that there was evidence before him authorizing his findings of fact, in rebuttal or explanation of the presumption of fraud. This is the precise question brought before us by the appeal and for the error before stated there must be a *venire de novo*. The point therefore forcibly pressed by Mr. Batchelor, that the receiver appointed in another action at the instance of another creditor having sold the goods and disbursed the proceeds in payment of that and the Hawkins debt secured in the mortgage and not denied to be *bona fide*, before the plaintiff in this action acquired a lien or instituted an action, it is now too late for the plaintiff to attack the assignment for fraud, even if it existed, is further on and is an interesting question. It does not appear to have been made upon the trial below but may properly be raised on the next trial.

There is error.

PER CURIAM.                                   *Venire de novo.*