REUBEN J. HOLMES, Trustee v. JOSEPH MARSHALL.

*Deed of Trust—Possession of Trustee—Presumption of Fraud—Rebuttal.*

1. The presumption of fraud arising upon a deed of trust, executed by an insolvent person to secure one of his creditors, conveying a storehouse and lot, a stock of goods and the increase of such stock, and containing a provision that the trustor "shall have the privilege of continuing his business for one year," is not rebutted by proof that the debt secured by the trust deed is a *bona fide* debt, and that the insolvency of the trustor was unknown to the trustee and *cestui que trust* at the time of the execution of the deed.

2. In such case the presumption of fraud arises from the *fact* of the debtor's insolvency and the further *fact* that the trustee and *cestui que trust* are parties to a deed of trust which secures a benefit to the maker, and which conflicts with the rights of creditors.

( *Cheatham* v. *Hawkins*, 76 N. C. 335, cited and approved.)

CIVIL ACTION, tried at Fall Term, 1877, of STANLY Superior Court, before *Seymour, J.*

This was an action to recover the value of a stock of goods seized and sold by the defendant as Sheriff of Stanly County, to satisfy two executions in his hands, one in favor of White, Rosenburg & Co., and the other in favor of Sands, Small & Bash. The plaintiff claimed title by virtue of a deed to him, as trustee, executed by the firm of Ridenhour & Misenheimer, who were defendants in the said executions. The deed conveyed to the trustee the store house lot, together with the entire stock of goods and the increase of said stock, "the said firm having the privilege of continuing their business for one year," to secure a debt to Foster, Holmes & Co. The said firm were insolvent at the time they made said trust deed. The debt to the plaintiff was a *bona fide* one, secured by the deed, but never paid by said firm in accordance with the terms of the deed. It appeared

from the evidence of the plaintiff, that he had no notice or knowledge of the indebtedness of the trustors at the time of the execution of the deed.

His Honor charged the jury that the deed under which the plaintiff claimed was such a one as to raise a presumption of fraud, and that the *onus* was on the plaintiff to show the *bona fides* of the same; that this was not done by his simply showing that he did not know of the indebtedness of the firm; conceding that there was no evidence of any collusion in fact between them, the *onus* still rested on the plaintiff to support the deed by evidence of non-indebtedness,—as by showing that their other property, not included in the d ed, was sufficient to pay their debts, or by other sufficient evidence; but that in this case the Court holds that there was no evidence sufficient to rebut the presumption of fraud raised by the law upon the deed. Under these instructions the jury rendered a verdict for the defendant. Judgment. Appeal by plaintiff.

*Messrs. J. M. McCorkle, A. W. Haywood,* and *W. G. Burkhead,* for plaintiff: The plaintiff, a purchaser for value and without notice, will not have to yield to claims of creditors even though the intent of trustor was fraudulent. *Lassiter* v. *Davis,* 64 N. C. 498. It was error to charge there was insufficient evidence, when there was some evidence, namely, ignorance of plaintiff in regard to insolvency, offered in rebuttal of the presumption of fraud. Bat. Rev. ch. 17 § 237; *State* v. *Locke,* 77 N. C. 481; *Barnes* v. *Fort,* Ibid 28; *Wells* v. *Clement,* 3 Jones, 168; 23 How. 117.

*Messrs. T. S. Ashe, W. H. Bailey, Battle & Mordecai,* and *T. P. Devereux,* for defendant: If not fraudulent *per se* under the distinction laid down in *Hardy* v. *Simpson,* 13 Ire. 132, it is a case of presumptive fraud devolving the *onus probandi* on the plaintiff. *Cheatham* v. *Hawkins,* 76 N. C. 335.

BYNUM, J. In *Cheatham* v. *Hawkins,* 76 N. C. 335, this

Court said : " If there were other unsecured creditors at the time of this assignment, and no other property of the debtor than that conveyed in the mortgage, out of which the creditors could make their debts, the fraudulent intent would seem to be irrebuttable. A clear benefit is secured to the debtor, and a clear right is withheld from the creditor, beyond what the law permits. An assignment cannot cover up and preserve the property for the debtor's use, or protect it from the remedies and demands of the creditors. Here is not only a retention of possession by the assignor which raises the presumption of fraud, but there is reserved the further power to dispose of it for the debtor's benefit, and still more, the exercise of that power annihilates the thing itself."

The plaintiff, in the case before us, testified that at the time of the execution of the deed of trust to him, he had no notice or knowledge of the fact of the indebtedness of the trustors. His Honor held that this was not sufficient evidence to rebut the presumption of fraud which the law raised upon the deed. We think it was no evidence. The presumption of fraud here, is not affected by the ignorance of the plaintiff of the insolvency of the trustors at the time of the execution of the deed ; but the presumption is raised by the *fact* of their insolvency, and the further fact that the plaintiff is a party to a deed of trust which secures a benefit to the makers, and which conflicts with the rights of creditors. In fact there were other creditors of the vendors at the time the deed was executed. The advantages reserved to the debtors in the deed were to the prejudice of those creditors, and as the plaintiff was a party to the deed, he is presumed to have intended the probable consequences of his act. It was either his duty not to have taken such a deed, or taking it, to have first known that there were no creditors to be prejudiced by it.

No error.

PER CURIAM.                              Judgment affirmed.