# Commercial Bank of Selma *v.* Brewer.

*Bill in Equity by Unsecured Creditors to have Deed of Trust declared a General Assignment.*

1. *When fraudulent deed of trust can not be declared a general assignment.*—A deed of trust, made with the intent to hinder, delay or defraud the grantor's creditors, can not be upheld and declared a general assignment, at the suit of creditors not secured thereby against other unsecured creditors who have caused attachments to be levied on the property conveyed by the deed, or who have attacked the deed for fraud.

2. *When deed of trust executed by insolvent debtor fraudulent and void as to creditors.*—A deed of trust executed by an insolvent debtor on 1st April, conveying to a trustee, as security for debts owing to some of his creditors therein named, then past due, his entire stock of goods and merchandise then on hand, and in a certain storehouse, embracing all his unencumbered property, and also all the goods and merchandise he might thereafter bring into said storehouse for the purpose of increasing, replenishing, or keeping up his stock, and expressly providing that the grantor was to "have and retain possession of said property" until the 1st November following, and that if the secured debts were not paid by that time, the deed was to be null and void, with a power of sale on default in payment, but not providing for an extension of the debts,—is fraudulent and void as against the unsecured creditors of the grantor, although neither the trustee nor the beneficiaries had any notice of the grantor's insolvency at the time the deed was executed.

3. *When debt secured by mortgage not extended.*—A stipulation in a mortgage, executed to secure a past due debt, providing for a foreclosure at a future day, is not of itself an extension of the debt.

APPEAL from Shelby Chancery Court.

Heard before Hon. THOMAS COBBS.

The bill in this cause was filed by W. P. Brewer and others against the Commercial Bank of Selma, a corporation, and others, for the purpose of having a deed of trust, executed by Hirscher Bros., a mercantile partnership, to secure certain of their creditors, declared a general assignment. Prior to the filing of the bill said bank and others, unsecured creditors of Hirscher Bros., caused attachments to be issued, and levied on a stock of goods, the property conveyed by the deed of trust; and these goods were in the hands of the sheriff at the time the bill was filed. The other material averments of the bill are sufficiently stated in the opinion. The Chancery Court entered a decree overruling a demurrer to the bill filed by said attaching creditors, and also a motion made by them to dismiss for want of equity. That decree is here assigned as error.

[Commercial Bank of Selma v. Brewer.]

JOHNSTON & TILLMAN, for appellants, cited *Constantine v. Twelves*, 29 Ala. 607; *Tickner v. Wiswall*, 9 Ala. 305; *Price v. Mazange*, 31 Ala. 701; *Sims v. Gaines*, 64 Ala. 392; Bump. on Fraud. Con. p. 120; *Cheatham v. Hawkins*, 76 N. C. 335; *Holmes v. Marshall*, 78 N. C. 262; *Tennessee Nat. Bank v. Ebbert*, 9 Heisk. (Tenn.) 153; *McCrasly v. Hasslock*, 4 Baxter (Tenn.) 1; *Frost v. Warren*, 42 N. Y. 204.

HEFLIN, BOWDEN & KNOX, *contra*.—(1) The rule is well established that a mortgage or deed of trust which conveys substantially all the debtor's property, for the security of one or more preferred creditors, to the prejudice of other creditors, is made a general assignment by the statute; and on bill filed, it will be declared a general assignment, and executed for the benefit of all the creditors of the grantor.—*Holt v. Bancroft*, 30 Ala. 193; *Warren v. Lee*, 32 Ala. 440; *Stetson & Co. v. Miller*, 36 Ala. 642; *Longmire v. Goode*, 38 Ala. 577; *Shirley v. Teal*, 67 Ala. 449, and authorities there cited. (2) The question of fraud in law or fraud in fact in the execution of the mortgage, that is attempted to be raised by the demurrer, can not be set up by the demurrants against the complainants. The mortgage is not fraudulent on its face.—*Constantine v. Twelves*, 29 Ala. 607; *Price v. Mazange*, 31 Ala. 701. (3) If the mortgage was fraudulent, either in law or in fact, this taint of fraud would not vitiate the mortgage as to the complainants, or render it a nullity. They are not parties or privies to the mortgage; they do not set up the mortgage, and seek to have it foreclosed as the grantors intended it to operate, so as to prefer some of the creditors, and exclude others; but they seek to obtain a decree that will distribute the proceeds of the property conveyed by the mortgage equally among all the creditors of the mortgagors. This relieves the mortgage of the imputation of fraud as to the complainants. *Holt v. Bancroft*, *supra*; *Price v. Mazange*, *supra*.

STONE, J.—The debtor firm in this case, Hirscher Brothers, conveyed a stock of merchandise to certain named trustees, to secure the payment of certain enumerated debts, amounting to twelve or thirteen hundred dollars. The trust deed bears date April 1, 1882, describes the debts as all due or past due at the date of execution, and was signed without subscribing witnesses. The description in the deed of the property conveyed is, "all the stock of merchandise, goods and chattels now contained in the storehouse where said Hirscher Bros. are now doing business in the town of Columbiana, Alabama; also all the merchandise and goods which may hereafter be brought by said Hirscher Bros. into said storehouse, for the purpose of increas-

ing, replenishing, or keeping up said stock of goods." The deed declares that the conveyance is in trust as follows : " It is hereby agreed that said party of the first part is to have and retain possession of said property until the first day of November, 1882." It then provides that if the enumerated, secured debts are paid by that time, the conveyance was to be null and void. There was a power of sale in case of default. This deed was filed for record November 22nd, 1882.

The present bill was filed by certain named, non-secured creditors, and seeks to have said conveyance declared a general assignment, for the equal benefit of all the creditors. This bill was filed December 19th, 1882. Among other averments, it charges that when the existence of said deed of trust became known, by its registration, November 22nd, 1882, certain other named non-secured creditors of Hirscher Bros.—a third class, different from the two classes above named—sued out attaachments at law, and had the goods levied upon. In addition to the prayer to have the said deed declared a general assignment, the bill prayed that said property and its proceeds be apportioned among all the creditors of Hirscher Bros. The bill avers that when said deed was made—April 1st, 1882—Hirscher brothers were in fact insolvent, but their credit was good, and their insolvency unknown, until the said deed was recorded. There was a demurrer to the bill, and the chief ground relied on is, that under the stipulations in the deed, and under the averments of the bill, the deed is shown to be fraudulent, and can not be established as a valid conveyance against the attaching creditors. There can be no question that if, under the averments of the bill, the deed of trust be fraudulent as against the non-secured creditors, the present bill must fail. A fraudulent deed can not be upheld as a general assignment, against a creditor who attaches, or attacks the deed for the fraud.

We think the terms and purpose of the present deed place it substantially within the category of the conveyances which were declared fraudulent in *Tickner v. Wiswall*, 9 Ala. 305; *Constantine v. Twelves*, 29 Ala. 607; *Price v. Mazange*, 31 Ala. 701. In the case of *Constantine v. Twelves*, it was said : " We can not pronounce the deed fraudulent *upon its face*, because it does not distinctly appear *from it*, that there were other creditors of the Wests at the time it was executed, that Y. L. West was at the time wholly insolvent, that the deed embraced all the unencumbered property owned by Penelope West, and that its inevitable tendency was to delay and hinder these other creditors." The deed we are considering, and the averments of the bill supply every one of the enumerated facts, the absence of which, it was said in *Constantine v. Twelves*, alone saved that instrument from being declared

[Columbus Iron Works Co. v. Renfro Bros.]

fraudulent on its face. The bill avers that Hirscher Bros. were insolvent, that they owed other, many other enumerated debts; that the deed conveyed their entire property; and the face of the deed shows its "inevitable tendency was to delay and hinder those other creditors."—Bump. on Fraud. Conveyances, 400; *Bodley v. Goodrich*, 7 How. (U. S.) 276; *Cheatham v. Hawkins*, 76 N. C. 335; *Holmes v. Marshall*, 78 N. C. 262; *National Bank v. Ebbert*, 9 Heisk. 153; *McClasly v. Hasslock*, 4 J. Baxt. 1. We might possibly go further, and hold that the deed, under the circumstances shown in this record, is fraudulent, because it reserves a benefit to the grantors.—*Sims v. Gaines*, 64 Ala. 392; *Seaman v. Nolen*, 68 Ala. 463; *Clow v. Woods*, 9 Amer. Dec. 346.

If it be contended that inasmuch as it is not shown that the trustees or beneficiaries under the deed had notice that Hirscher Bros. were insolvent when they made the conveyance, they stand in the relation of innocent purchasers, the answer to this is, if answer be necessary, that they are not purchasers in the sense, that want of notice will protect them. As the case now appears, the beneficiaries were antecedent creditors, no indulgence was stipulated—that is, the secured creditors were not bound to extend them indulgence—and no present, or new consideration was parted with. Delay of the right to foreclose the mortgage was no extension of the debt.—*Sweeney v. Bixler*, 69 Ala. 539.

The chancellor should have sustained the demurrer; but, as there may be a motion to amend, which can only be entertained in the court below, we will simply reverse and remand the cause, to be further proceeded in according to the principles declared above. We confess we can not perceive how the bill can be made good; but we may not be able to see the case in all its bearings.

Reversed and remanded.