ORMAN v. ENGLISH & SCOTTISH MERCANTILE INVESTMENT TRUST, Limited.

(Circuit Court of Appeals, Fifth Circuit. April 10, 1894.)

No. 209.

FRAUDULENT CONVEYANCES—RESERVATION TO GRANTOR.

A corporation conveyed to trustees all its property and assets, its business, and the benefit of all contracts, to secure its debentures; but the deed further provided that the conveyance was to be "by way of floating security, only, and not to prevent the sale or other dealing by the company, in the course of its business, of or with any part of its property, until the trustee shall enter," etc. *Held*, that the conveyance was void as to existing creditors.

Appeal from the Circuit Court of the United States for the Northern Division of the Northern District of Alabama.

This was a bill filed by the English & Scottish Mercantile Investment Trust, Limited, against William A. Orman, for an injunction and other relief. A temporary injunction was granted, and defendant appeals.

The original bill in this cause was filed to assert and establish the priority of the rights of the appellee, the English & Scottish Mercantile Investment Trust, Limited, over those claimed and sought to be enforced by the appellant, William A. Orman. The state of affairs out of which the conflict of claims between those parties arises is stated in the bill to be that on or about the 22d day of December, 1890, the North Alabama Development Company, Limited, an English corporation newly organized for the purpose of acquiring and developing, by mines, manufactories, railroads, boat lines, and other enterprises, certain properties in this country, determined to raise and borrow, for the purpose of carrying out such undertaking, a sum of money amounting to about $625,000, and, to accomplish this, issued its debentures, 1,243 in number, for £100 each,—equivalent to about $500 in money of the United States,—which debentures were made, by their terms, a lien and charge upon all its property, then owned or afterwards to be acquired, and conveyed such property to the appellee (the complainant in the bill), as trustee for the benefit of the holders of said debentures. This conveyance is the deed of trust of December 22, 1890, by which the maker of the debentures set forth the execution of said debentures, their terms, and the considerations upon which they were issued, and declared the lien created by them to be further assured by such instrument. This deed of trust, which has never been recorded, contained a covenant for the execution and delivery of all such conveyances, by way of further assurance, as might be necessary for a compliance with the laws of the state in which the property might be situated, to give notice of the rights and interests of such debenture holders; and in conformity to this covenant the North Alabama Development Company, Limited, executed and delivered to appellee, as trustee for said debenture holders, a second deed of trust, dated March 5, 1892, which was recorded in Franklin county, Ala., on April 11, 1892. On the 28th day of November, 1891, William A. Orman, the appellant in this case, on a debt accruing June 18, 1890, sued out an attachment from the circuit court of Franklin county, Ala., against the North Alabama Development Com-

pany, Limited, which was levied on the property of said company by the sheriff of said county. This cause was removed to the circuit court of the United States, where, on the 30th day of October, 1892, a judgment was rendered in favor of said Orman. 53 Fed. 469. After an affirmance of said judgment by this court on appeal (5 C. C. A. 22, 55 Fed. 18), it was attempted to sell the property levied on under execution, and the original bill in this cause was filed to restrain such sale, and to have the superior right of the complainant therein enforced. The bill alleges that Orman had actual notice of the complainant's rights, and also of the facts above recited, and shows that by the threatened sale by the United States marshal, under Orman's judgment and execution, the property of the North Alabama Development Company, Limited, subject to complainant's deed of trust, constituting one complete plant for the carrying out of the undertaking for which the money was raised by the debentures, and consisting of lands, and a large quantity of machinery, implements, and fixtures, suitable for, and connected with, an iron-ore mining plant, would be scattered and injured, the plant, in its entirety, impaired and dismembered by the removal or destruction of any portion of it, which would work irreparable injury to its rights under the deeds of trust, and that it would be compelled, in the discharge of its trust duties, to bring and maintain, if it regained possession of said property, numerous suits at law, with the risk of loss or injury to portions of it, and prayed an injunction to prevent the threatened wrongs and injuries, and the recognition and enforcement of its priority and superiority of right under said deeds of trust. A temporary injunction was granted on this bill, which, on motion of Orman, was dissolved. In his answer to the bill, Orman insists that by the levy of the attachment in his suit at law against the North Alabama Development Company, Limited, prior to the recording of any deed of trust from that company to the complainant in Franklin county, Ala., which would create constructive notice to him, and without any actual notice to him, which he denies having received before the issue and levy of his attachment at law, he acquired, by force of section 2957 of the Code of Alabama (1886), a specific lien on all the property of said company so levied upon, and that this lien of such levy is superior to that of appellee under its deeds of trust. After the dissolution of the first injunction, and on the 14th day of October, 1893, the appellee (complainant below) moved the court for leave to file an amended and supplemental bill of complaint setting forth additional facts touching the rights of appellee, and the debenture holders for whom it is trustee, and affecting the actual notice to Orman of their interests. No answer was filed by Orman to this supplemental bill, and the motion and prayer for injunction were resisted by him on the grounds following, to wit: "(1) Because there is no equity in the complainants' original or amended and supplemental bills of complaint. (2) The complainants, according to the averments of said bills, have a full, plain, and adequate and complete remedy at law. (3) The instrument, a copy of which is made Exhibit A to said bills, and which, by the averments of said bills, is made the basis of the relief asked and the right claimed by complainants, is fraudulent, null, and void, upon its face, as against the claim and attachment of defendant, Orman. (4) Because defendant, Orman, by his attachment proceedings and the judgment therein, acquired a lien upon the property so attached, superior to any claim or lien of complainant thereon, as shown by said bills. (5) The sworn answer of defendant, Orman, hereto attached, to the averments of said bills, is a full and complete replication and denial of all the material averments of fact upon which the right to relief by said injunction is asked. Hence, said injunction should not be granted." On the consideration, supported by the sworn statements of the original and supplemental bill, the judge of the circuit court, on the 11th day of November, 1893, granted leave to file the bill, and a temporary injunction, staying the sale of the property until the further order of the court. From that order the present appeal is prosecuted, under section 7 of the judiciary act of 1891.

Milton Humes and W. I. Bullock, for appellant.

Thomas Roulhac, for appellee.

Before PARDEE and McCORMICK, Circuit Judges.

PARDEE, Circuit Judge (after stating the facts). Under the laws of Alabama, the attachment creditor who perfects his lien by the recovery of judgment is a bona fide creditor from the inception of the lien. Bank v. Pinckard, 87 Ala. 577, 6 South. 364. And the lien, by force of the statute, relates back to, and has priority from, the levy of the attachment. Hardaway v. Semmes, 38 Ala. 657; Hurt v. Redd, 64 Ala. 85; Abels v. Insurance Co., 92 Ala. 382, 9 South. 423. The levy of Orman's attachment, the lien of which was subsequently perfected by the recovery of judgment, was prior to the granting and recording of the deed of trust of March 5, 1892. Therefore, Orman has a prior lien on the property attached to that claim by the appellee under said deed of trust. The sworn bill filed by appellee in the court below charges that at the date of the levy of the attachment, and prior thereto, Orman had full notice of the execution and delivery of the first deed of trust by the North Alabama Development Company to the appellee. This renders it necessary to consider the character and effect of the first deed of trust, and the circumstances existing at its date. Said deed of trust was executed December 22, 1890, after the creation of the obligation in favor of Orman, and has never been recorded. The second clause of the deed grants and conveys to the trustees all lands, mines, buildings, works, and hereditaments, and other real estate of the company, wheresoever situated, and also all the undertaking and business of the granting company, and all other assets, effects, and personal property of the company, other than personal chattels in England, and the benefit of all contracts and agreements, and all options, privileges, and rights, subject to the provisions of clause 15, which are as follows:

"The conveyance and assignment purporting to be made by clause 2 are intended to be by way of floating security, only, and not to prevent or hinder any sale, exchange, lease, or other dealing by the company, in the course of its business, of or with any part of its property, until either the trustees or trustee shall make entry as aforesaid."

In short, the deed of trust conveys all the property of the North Alabama Development Company in this country, real and personal, in trust to secure debts thereafter to be contracted; leaving the grantor to hold, retain, sell, transfer, and exchange the same at will. The appellants contend that this instrument is void against creditors existing at the date of its execution, because it is a conveyance which, leaving the grantor in full possession and management of his property, and with a material interest therein, necessarily hinders and delays creditors. We agree with this construction of the deed in question. See Code Ala. 1886, § 1735; Ruse v. Bromberg, 88 Ala. 628, 7 South. 384; Renfro v. Goetter, 78 Ala. 314, 315; Bank v. Brewer, 71 Ala. 574; Reynolds v. Welch, 47 Ala. 203. The first deed of trust being void as against Orman, an existing creditor at the time it was executed, it was immaterial whether Orman had notice thereof, or not, prior to the levy of his attachment. As Orman's lien under his attachment is prior in rank to the lien granted the appellee under the second deed of trust, the injunction issued by

the court below, postponing Orman's lien, should not have been issued.

The order of the circuit court, of the 11th day of November, 1893, granting an injunction restraining the appellant and the marshal of the district from making a sale of the property mentioned and described in the bill, and from interfering with or disposing of said property until the further order of the court, should be reversed, and the cause remanded to the circuit court, with instructions to further proceed in the same according to the views herein expressed, and it is so ordered