ANDREW COWAN, et al. *v.* GEORGE A. PHILLIPS, et al.

*Action to Set Aside Fraudulent Deed—Fraudulent Conveyance—Fraud in Law—Presumption of Fraud—Evidence to Rebut Presumption—General Assignment, What is Not.*

1. Where a mortgage is fraudulent upon its face the fraud cannot be rebutted by evidence, and it is the duty of the court to declare it fraudulent and void ; but where the fraud is not disclosed on the face of the instrument, but sufficient badges appear to create a presumption of fraud, the presumption may be rebutted by evidence, the burden being upon the defendant.

2. In the trial of an action to set aside a deed for fraud, a presumption of fraud raised by the deed in evidence cannot be rebutted by the defendant's testimony that the deed was made in good faith.

3. Where a chattel mortgage given by husband and wife on a stock of goods to secure notes previously given by the husband for the purchase of a half-interest therein, the wife being the owner of the other half, provided that the husband should remain in possession of the stock and conduct the business as agent for the mortgagee at a salary greatly in excess of what he had formerly received from the business, and no money was required to be paid over to the mortgagee until the maturity of the notes ; *Held*, that, while not fraudulent on its face, as a matter of law there is a presumption of fraud which cannot be rebutted by evidence of the parties that the deed was made in good faith and not to defraud creditors.

4. Where an insolvent debtor executed a chattel mortgage to secure a pre-existing debt, but at the same time owned other property nearly or quite equal in value to that mortgaged, the transaction did not operate as a general assignment and was not rendered void by the failure of the mortgagor to file a schedule of preferred creditors, &c., as required by Ch. 453, Acts of 1893. (*Bank* v. *Gilmer*, 116 N. C., 684, distinguished.)

CIVIL ACTION, tried before *Graham, J.,* and a jury, at May Term, 1896, of BEAUFORT Superior Court. There was a verdict for the plaintiffs, and from the judgment thereon the defendants appealed. The facts appear in the opinion of Associate Justice FURCHES.

*Mr. W. B. Rodman,* for plaintiffs (appellants).
*Mr. Chas. F. Warren,* for defendant.

FURCHES, J.: This is an action brought by plaintiffs, who are creditors of the defendant, T. E. Warren, against said Warren and George A. Phillips, mortgagee, to set aside the mortgage on the ground of fraud. The defendant Phillips and M. A. Warren, wife of T. E. Warren, were partners in the harness business from 1890 to the 14th of January, 1893, when the defendant Phillips sold his interest in the business to the defendant T. E. Warren at the price of $1,250, when the defendant T. E. Warren executed six notes as the consideration of the purchase, five for $200 each and one for $250, payable to the defendant Phillips, one of said notes falling due on the 14th day of January of each succeeding year, making the last, which was for $250, fall due on the 14th of January, 1899. On the 21st of November, 1894, the defendant T. E. Warren executed a mortgage to the defendant Phillips on the stock of goods in his harness business to secure the payment of the six notes mentioned above. Among the conditions contained in this mortgage were these: That said Warren was to pay said notes as they became due, and in default of said payments the mortgagee, Phillips, was authorized to foreclose. Another condition was that the defendant Warren was to remain in possession of the goods so mortgaged until these notes were paid, was to carry on the

business, to buy and sell for cash only, and was to receive from the business, for his services and to cover running expenses, such as rents, taxes, &c., $25 per week.

The plaintiff then produced evidence showing that defendant Warren was the owner of a house and lot in the town of Washington which was under mortgage, which had since been foreclosed by sale, and only brought the amount of the mortgage debt.

That he claimed to own another small tract of land worth some $400 or $500, and that he owned between $400 and $500 worth of personal property not included in the mortgage; that the defendant Warren was then being pressed with debts, and there were $900 or more in judgments against him, besides that of plaintiffs, which was $869.35, making about $1,800 in judgments against him, upon some of which judgments executions had been issued and returned *nulla bona.* In fact he was badly insolvent.

None of these facts were denied or controverted by defendants, and the only evidence defendants offered in rebuttal or explanation was the testimony of both the defendants that the debts secured were *bona fide* debts, and that the mortgage was made in good faith to secure these notes and not with intent to hinder, delay or defraud creditors. This evidence was objected to by plaintiffs, but admitted by the court, and plaintiff excepted.

The court was asked to hold and to charge that the mortgage upon its face was fraudulent and void. The court declined to give this instruction, and we find no error in this ruling. And while we hold that it was not fraudulent upon its face, it is certainly on the verge of being so, as said by BYNUM, J., in the case of *Cheatham* v. *Hawkins*, 76 N. C., 335. Where a mortgage is fraudulent upon its face it is then called a fraud in law and cannot be rebutted by evidence. But where it does not disclose such a fraud

upon its face as to call upon the court to declare it fraudulent and void, but has such ear-marks and badges of fraud as to create a presumption of fraud, this presumption may be rebutted, but the burden is on the defendant. There is sufficient appearing upon the face of this mortgage to create the presumption. And if it had contained upon its face what appears in evidence and uncontradicted—that Warren at the time was badly insolvent, and that while he had worked for the defendant Phillips and M. A. Warren, while they were partners, at $50 per month, and that by this mortgage his wages had been increased nearly one hundred per cent.—it would have become the duty of the court to declare it fraudulent and void, as a matter of law. *Cheatham* v. *Hawkins, supra*.

And this presumption is not allowed to be rebutted by the testimony of the defendants that it was made in good faith to secure the six notes and not to defraud creditors. *Booth* v. *Carstaphen*, 107 N. C., 395, and cases cited. Indeed, this case is so nearly the same as *Cheatham* v. *Hawkins*, reported in the 76 N. C., 335, and again in the 80th N. C., 161, that we are not able to distinguish the principle involved in the one from the other.

Therefore, while his Honor was correct in refusing to hold that the mortgage was fraudulent and void from what appeared upon its face as a matter of law, he should have instructed the jury, after the evidence was in, that if they believed the evidence the mortgage was fraudulent as to the plaintiff, and that they should so find.

There was another question discussed, which it hardly seems necessary for us to pass upon in view of what we have already decided, and would not, but for the fact that it would come up again if the case should be tried again.

The plaintiff contended that this mortgage fell within the provisions of the Act of 1893, and was void for the

reason that the mortgagor filed no chedule, as he was required to do ; and *Bank* v. *Gilmer*, 116 N. C., 684, and same case, 117 N. C., 416, were cited to sustain this contention. But this case is distinguishable from *Bank* v. *Gilmer*, and in our opinion does not fall within the provisions of the Act of 1893.

There is error, and there must be a new trial as to the issue of fraud, and the new trial will be confined to this issue, or issues involving this question, as the appeal seems not to have involved the other questions decided.

Error and New Trial.