B. W. EDWARDS ET AL. v. THE SNOW HILL SUPPLY
COMPANY ET AL.

(Filed 24 February, 1909.)

1. **Corporations—Mortgagor and Mortgagee—Mortgage to Officers—
Pre-existing Debt.**

A mortgage on all its property, made by a corporation to its
president and two directors under authority of a resolution of
the board of directors, without any vote of the stockholders, to
secure them in their prior endorsements of the company's notes
negotiated at a bank for the benefit of the corporation, is void;
otherwise, had the mortgage been authorized at the time of the
endorsements and receipt of the money to aid the corporation's
business.

2. **Corporations—Mortgagor and Mortgagee—Seal—Officers—Evi-
dence—Rebuttal.**

The presumption that a mortgage, with its seal affixed, was
authorized by a corporation (Revisal, sec. 1130) is rebutted when
it was executed to the company's officers to secure a pre-existing
debt.

3. **Corporations—Mortgagor and Mortgagee—Mortgage to Officers—
Void as to Creditors.**

When a mortgage has been made on all its property by a cor-
poration to its officers to secure a pre-existing debt, the company
continuing in possession, it is evidence sufficient to sustain a judg-
ment that it was void as to other creditors.

ACTION heard by *O. H. Allen, J.,* upon report of referee, at
December Term, 1908, of GREENE.

Appeal by Faircloth & Dail.

*L. V. Morrill* and *C. B. Aycock* for plaintiff.
*W. C. Munroe, G. V. Cowper* and *J. Paul Frizzelle* for de-
fendant.

CLARK, C. J.   On 10 January, 1908, at a meeting of the
stockholders of the Snow Hill Supply Company, it was arranged
that the company would borrow $8,000 from the bank, and the
stockholders agreed among themselves that if F. W. Faircloth,
T. M. Dail and A. C. Dail, the president, and two of the direc-
tors would individually endorse said note as sureties, the stock-
holders would place their stock in the company with said en-

dorsers as collateral. On 11 January a note of the company for $4,000, and on 18 March a similar note for $2,000, with said endorsers, was discounted by the bank and the proceeds used in the business of the company. A portion of the stock, as agreed, was deposited with said endorsers. On 23 May, 1908, the board of directors, without any vote of the stockholders nor any entry on the minute book of the company, executed and put on record a mortgage to said Faircloth, Dail and Dail on the real property described, together with all its stock of goods and accounts and notes, to secure them against loss, as endorsers, upon said notes of $6,000, which mortgage on its face purported to have been executed 15 February, 1908, and embraced all the property of the company subject to certain prior mortgages on the realty.

At the meeting on 10 January, 1908, the company's report showed that its assets were $2,000 to $5,000 less than its liabilities and capital stock. It does not appear whether the corporation was solvent when the mortgage was delivered, on 23 May, 1908, or not. It went into the hands of a receiver 7 October, 1908, being then insolvent, and this is a controversy over the application of the assets to the indebtedness of the company.

The court properly held, sustaining the ruling of the referee, that the mortgage to Faircloth and others was not a valid lien, and that the $6,000 thereby intended to be secured should participate in the assets for its *pro rata* as an unsecured indebtedness only.

The mortgage was invalid, because: (1) The officers of the company had no right to take advantage of their knowledge of its financial condition to secure a preference for themselves on all its property as to a pre-existing debt. *Hill v. Lumber Co.,* 113 N. C., 173; *Electric Light Co. v. Electric Light Co.,* 116 N. C., 112; *Graham v. Carr,* 130 N. C., 274; *Holshouser v. Copper Co.,* 138 N. C., 251. It would have been otherwise if at the time the money was authorized to be borrowed the company had authorized the mortgage to be executed to secure its officers, who agreed to sign the note as endorsers. In such case the money received would have balanced the debt secured and would have paid off that amount of prior debts to others or would otherwise have aided the business of the company. Such

arrangements are often necessary, and when *bona fide* are valid. *Banking Co. v. Lumber Co.,* 91 Ga., 624, cited and approved; *Hill v. Lumber Co.,* 113 N. C., 179.

(2) The mortgage was executed without any authority from the stockholders. While the execution of the deed in the manner prescribed (Revisal, sec. 1130), when the corporation seal is affixed, is presumed to be authorized *(Duke v. Markham,* 105 N. C., 136), this presumption is rebutted when executed to the company's officers.

(3) In addition, so far as this mortgage for a pre-existing debt was upon a stock of goods continually being depleted and renewed, possession being retained by the mortgagor, the mortgage being on all its property and in favor of its officers, the referee was justified in holding that it was void as to the other creditors. *Cheatham v. Hawkins,* 76 N. C., 335; *Cowan v. Phillips,* 119 N. C., 26.

Affirmed.