## In re JOSEPH.

District Court, M. D. North Carolina.

Aug. 11, 1930.

Gavin & Teague and E. L. Gavin, all of Sanford, N. C., and MacNair, Moses & Bass, and T. O. Moses, all of Tarboro, N. C., for various unsecured creditors.

Q. K. Nimocks, of Fayetteville, N. C., for secured creditor.

Hoyle & Hoyle and K. R. Hoyle, all of Sanford, N. C., for bankrupt.

HAYES, District Judge.

Stein Bros. filed a claim against the bankrupt estate for the sum of $3,000 secured by a chattel mortgage executed by the bankrupt on February 15, 1929, and recorded February 18, 1929, on a stock of merchandise. Five pre-existing creditors objected to the allowance of this claim and moved that it be disallowed. A hearing was granted by the referee and upon the evidence taken he made his findings of fact and concluded as a matter of law that the mortgage was valid and allowed the same as a preferred claim. The creditors excepted and appealed to this court.

Among other things the referee found that the mortgage was executed for a valuable consideration on February 15, 1929, and recorded February 18, 1929, on the bankrupt's stock of merchandise and "that in addition to the stock in trade of the said Joseph, said mortgage also included all additions to said stock made from time to time to replace stock sold, and provided that all of said stock might be sold in the usual course of business during the existence of the lien. J. Joseph, the mortgagor, remained in possession of said stock from the date of the mortgage to the filing of the petition in bankruptcy. The mortgage provided that $200.00 be paid on the debt thereby secured, each month until full payment of said debt and interest. No payments were made on said debt."

The stock of merchandise was left in possession of J. Joseph who was not adjudged a bankrupt until July 18, 1929. An examination of the mortgage discloses no provision requiring the mortgagor to account for the proceeds of the sale and apply them to the mortgage debt, and the bankrupt in posses-

sion of the stock of merchandise continued to sell the same until he was adjudged bankrupt. The bankrupt is a brother-in-law of Stein Bros.

There is no evidence that there were no pre-existing creditors at the time the mortgage was executed, nor that the mortgagor had assets sufficient and available (outside of the property embraced in the mortgage) to satisfy his then creditors.

Consolidated Statutes N. C. § 1005 makes fraudulent conveyances void and of no effect. The effect of the mortgage in question was to place the mortgagor's assets beyond the reach of his creditors. Mortgagees expressly agreed to permit mortgagor to remain in possession of the stock of merchandise and sell the same in the usual course of trade, but did not require him to account for the proceeds of same. In fact he continued to sell and dispose of the merchandise after the execution and registration of the mortgage in February until he was adjudged bankrupt in July without paying one dollar on the mortgage. The mortgagor was actually accomplishing the very result which makes such a mortgage a fraud in law. His creditors were hindered and obstructed from subjecting his property to the payment of his other debts on account of the mortgage, and yet the mortgagees were content that the mortgagor deplete his stock of merchandise without accounting therefor or making any payment on the mortgage. A mortgage under such circumstances is presumptively fraudulent in law under a decision of the Supreme Court of North Carolina. The burden is upon the mortgagor to rebut that presumption by proof that there were no pre-existing debts at the time the mortgage was executed, or that the mortgagor had assets sufficient and available to pay the existing debts exclusive of the property embraced in the mortgage, and that this fraudulent intent cannot be rebutted by proof of no fraudulent intent except in the manner stated above. Cheatham v. Hawkins, 76 N. C. 335; A. Blanton Grocery Co. v. Taylor, 162 N. C. 307, 78 S. E. 276.

This same principle is upheld in Huckins v. Smith (C. C. A.) 29 F.(2d) 907, and in Re M. J. Hoey & Co. (Ex parte Norwegian American Securities Corp.) (C. C. A.) 19 F. (2d) 764, and a very able opinion by Mr. Justice L. Hand. Writ of certiorari was denied. 275 U. S. 550, 48 S. Ct. 86, 72 L. Ed. 420; Benedict v. Ratner, 268 U. S. 353, 45 S. Ct. 566, 69 L. Ed. 991. See, also, Means v. Dowd, 128 U. S. 273, 9 S. Ct. 65, 32 L. Ed. 429, this case originated in the Western District of North Carolina.

While a fraudulent conveyance cannot be attacked by a subsequent creditor, Messick v. Fries, 128 N. C. 450, 39 S. E. 59, if a pre-existing creditor successfully assails it, it is void, not only as to pre-existing creditors, but as to subsequent creditors as well. Aman v. Walker, 165 N. C. 224, 81 S. E. 162; Savage v. Knight, 92 N. C. 493, 53 Am. Rep. 423.

I am not unmindful of Davis v. Turner (C. C. A.) 120 F. 605, but the facts in that case do not bring the principle in application here, for in that case there was no provision authorizing the mortgagor to sell the property. Moreover, A. Blanton Grocery Co. v. Taylor, supra, seems to settle the point involved so far as North Carolina is concerned.

### Order.

This cause coming on to be heard upon the report of Hon. H. F. Seawell, Jr., United States referee in bankruptcy, on a motion to disallow the secured claim of Stein Bros., and the exceptions thereto, and, being heard, it is found that the chattel mortgage in question was executed on a stock of merchandise when there were pre-existing creditors; that the mortgagees expressly granted the mortgagor the right to remain in possession and to sell and dispose of the same without applying the same on the mortgage, and, there being no evidence to rebut the presumption of fraud in law, it is found that said chattel mortgage is fraudulent and void.

It is therefore ordered and decreed that said chattel mortgage be, and the same is hereby declared, void; that the claim of Stein Bros. be allowed as an unsecured claim, and that Stein Bros. pay the costs incurred in connection with this appeal.