## WAGNER v. PEACE.

### No. 658.

District Court, M. D. North Carolina.

Feb. 6, 1934.

H. R. Kyser, of Thomasville, N. C., for claimant.

H. E. Olive (of Spruill & Olive), of Lexington, N. C., and D. Newton Farnell, Jr., of Greensboro, N. C., for trustee in bankruptcy.

HAYES, District Judge.

The claimant, Miss Stella L. Wagner, made a loan of $3,000 in money to A. T. Peace, bankrupt, on December 22, 1931, and received from the bankrupt a chattel mort-

gage on a stock of merchandise and certain enumerated fixtures securing repayment of the loan in ten days. It was understood and agreed between the parties that the bankrupt was to remain in the possession of the stock of merchandise and sell the same, although there was no provision in the mortgage requiring the mortgagor to account to the mortgagee for the proceeds of sale.

At the time of the execution of the mortgage, A. T. Peace was indebted to a number of creditors for merchandise and the proceeds of the $3,000 loan were used in payment of his debts, but he owed other debts at the time, and the evidence does not sufficiently disclose that he had other property sufficient and available to pay his then creditors. The mortgagee permitted the mortgagor to remain in possession, carrying on his mercantile business in the usual way, until the appointment of a receiver, at the instance of other creditors, on February 9, 1932. No payment was made on the mortgage. A chattel mortgage may be valid as to some property and still be invalid as to other property. There is no presumption that fixtures will be sold in the regular course of trade, while there is presumption that a stock of merchandise will be sold. The law presumes, in the case of a stock of merchandise which is retained in the possession of the mortgagor for sale, it will be sold and placed beyond the reach of his creditors unless there is provision in the mortgage requiring the mortgagor to account to the mortgagee for the proceeds of sale. No presumption arises in respect to the fixtures. Since the mortgage was for a present and valuable consideration, and free from any actual fraud, it is valid as to the fixtures.

A different situation arises in respect to the stock of merchandise. It is very generally held that a chattel mortgage on a stock of merchandise is fraudulent if the mortgagor is indebted to other creditors at the time of its execution, and if he does not retain property sufficient and available to satisfy those creditors, or if the mortgage fails to contain a provision requiring the mortgagor to account for, and apply the proceeds derived from the sale in satisfaction of the mortgage.

A judgment will be entered permitting the plaintiff to file her claim and receive all of the proceeds derived from the sale of the fixtures, but the remainder of the claim will be filed, only, as an unsecured claim, as the chattel mortgage against the stock of merchandise is invalid. Cheatham v. Hawkins, 76 N. C. 335; Blanton Grocery Co. v. Taylor, 162 N. C. 307, 78 S. E. 276; In re Joseph (D. C.) 43 F.(2d) 252; and Morris Plan Bank of Virginia v. Cook (C. C. A. 4th) 55 F.(2d) 176.